# Ex. 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEXIA CREDIT LOCAL, f/k/a Dexia Public )
Finance Bank and Credit Local de France, )
                                  )
             Plaintiff, )
                                  )       No. 02 C 8288
                v. )
                                  )       Hon. Mark Filip
PETER G. ROGAN, et al. )
                                  )       Mag. Judge Sidney I. Schenkier
            Defendants. )
                                  )
EDGEWATER PROPERTY COMPANY and )
PGR PROPERTIES, INC., )
                                  )
             Counterplaintiffs, )
                                  )
                v. )
                                  )
DEXIA CREDIT LOCAL, )
                                  )
             Counterdefendant. )

## NOTICE OF MOTION

To:    Attached Service List

    PLEASE TAKE NOTICE that on Monday, August 2, 2004 at 9:00 a.m., we shall appear before the Honorable Mark Filip in the United States District Court for the Northern District of Illinois, Courtroom 1725, 219 South Dearborn Street, Chicago, Illinois, and shall then and there present **Plaintiff Dexia Credit Local's Motion For Rule To Show Cause Why Defendants Should Not Be Held In Contempt and For Sanction,** a copy of which is attached hereto and hereby served upon you.

                                       Respectfully Submitted,

                                       DEXIA CREDIT LOCAL

                                       By: *Eric S. Pruitt*

                                       SIDLEY AUSTIN BROWN & WOOD LLP
                                       Scott T. Mendeloff
                                        Gabriel Aizenberg
                                        Eric S. Pruitt
                                        10 South Dearborn Street
                                        Chicago, Illinois 60603
                                        (312) 853-7000

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that he served a copy of the foregoing **Notice and Plaintiff Dexia Credit Local's Motion For Rule To Show Cause Why Defendants Should Not Be Held In Contempt and For Sanction** upon the attorneys on the service list below via electronic mail (without attachments) pursuant to agreement and via Federal Express (with attachments) before this 27th day of July, 2004.

Howard Pearl (hpearl@winston.com)
Neil Holmen (nholmen@winston.com)
Joseph A. Spiegler (jspiegle@winston.com)
Monika Blacha (mblacha@winston.com)
Neil Murphy (nmurphy@winston.com)
Melissa Benzon (mbenzon@winston.com)
Chris Stathopolous
(cstathopolous@winston,com)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-7422
(312) 558-5700 (facsimile)

**Counsel for Defendant Peter G. Rogan**

Vincent Connelly
(vconnelly@mayerbrownrowe.com)
Phillip S. Reed (preed@mayerbrownrowe.com)
John Touhy (jtouhy@mayerbrown.com)
Debra Bogo-Ernst (dernst@mayerbrownrowe.com)
Sean P. Dailey (spdailey@mayerbrownrowe.com)
MAYER, BROWN, ROWE & MAW LLP
190 South LaSalle Street
Chicago, Illinois 60603
(312) 782-0600
(312) 701-7711 (facsimile)

**Counsel for Defendants Edgewater Property Company, PGR Properties, Inc., Bainbridge Management, LP, Bainbridge Management, Inc., and Braddock Management, LP**

CHI 2899659v1



| | | |
|---|---|---|
| SIDLEY AUSTIN LLP | BEIJING | GENEVA | SAN FRANCISCO |
| ONE SOUTH DEARBORN | BRUSSELS | HONG KONG | SHANGHAI |
| CHICAGO, IL 60603 | CHICAGO | LONDON | SINGAPORE |
| (312) 853 7000 | DALLAS | LOS ANGELES | TOKYO |
| (312) 853 7036 FAX | FRANKFURT | NEW YORK | WASHINGTON, DC |

epruitt@sidley.com
(312) 853-1093

FOUNDED 1866

October 4, 2006

**By Email**

Chris Stathopoulos
Winston & Strawn LLP
35 West Wacker Drive
Chicago, Illinois 60601

Re:     Dexia / Edgewater

Dear Chris:

By this letter, we request that Defendant Peter G. Rogan ("Rogan") supplement his production of documents and interrogatory responses that are in Rogan's possession, custody or control, as necessary for Rogan to comply with his obligation under Federal Rule of Civil Procedure 26(e) to seasonably update his productions and responses. Accordingly, we seek production or responses from Rogan regarding not only items in his name personally, but also in the names of other entities, whose information or documentation is in Rogan's possession, custody or control. As discussed before Magistrate Judge Schenkier on August 3, 2006, Dexia and Edgewater do not ask Rogan to supplement his responses to all previous discovery requests. Rather, Dexia and Edgewater only seek updated responses and productions of a limited subset of the discovery categories previously propounded, *i.e.*, discovery relating primarily to Rogan's finances.

Per Judge Schenkier's instruction at the August 3rd hearing, we now detail the limited categories of documents for which we seek supplemental production. In this letter, we specifically identify each interrogatory and document request for which we seek supplemental responses/production. Moreover, to facilitate your response, we have gone to the trouble of reviewing previously produced materials for each identified interrogatory or document request, which has allowed us here to provide specific items of supplemental discovery that we believe should be included in your supplemental responses/production for each identified interrogatory or document request. Very importantly, however, we stress that the items we specify are not intended to be exhaustive. Obviously, as to each area of prior discovery for which we seek supplemental discovery, Mr. Rogan is uniquely positioned to know whether the items we identify with specificity below exhaust the required production under Rule 26(e), and if not, which additional supplemental responsive material must be produced to fulfill your responsibilities under Rule 26(e).

> **Dexia Interrogatories Nos. 1, 2, 3, 8, & 9** - Updated responses to bring the responses current for the period June 17, 2004 through the present. For Interrogatory No. 1, we request an updated listing of bank or investment accounts for Rogan and the Rogan Family, including account numbers and the current balance in


SIDLEY AUSTIN LLP

Chris Stathopoulos
October 4, 2006
Page 2

each account. For Interrogatory No. 2, we request an updated listing of Rogan
Family assets and liabilities, including the assets and liabilities of any foreign or
domestic trusts for which members of the Rogan Family are beneficiaries. For
Interrogatory No. 3, we request updated information on all entities, corporations,
partnerships or limited liability companies in which Rogan has had an interest,
including any entities in which the Peter G. Rogan Irrevocable Trust (Bahamas) has
any interest. For Interrogatory No. 8, we request updated information for the period
June 17, 2004 through the present regarding each entity which Rogan has
Controlled and/or acted as a director, officers, employee, or partner. For
Interrogatory No. 9, we seek updated information on Rogan's travel outside the
United States during the period June 17, 2004 through the present.

➢ **Rogan Tax Returns** - Complete, signed copies of Rogan's 2003, 2004, and
2005 state and federal tax returns, including all related gift tax returns, K-1s, W-2s,
Form 1099s, Form 1044s, Form 3520s, Form 3520As, and all accompanying
worksheets, schedules or attachments. In this regard, Rogan also should produce
any Treasury Forms TD F 90-22.1 (Report of Foreign Bank and Financial Accounts)
submitted by or on Rogan's behalf.

➢ **Rogan Family Tax Returns** - Rogan has possession, custody or control over
the tax returns of his immediate family, *i.e.*, Judith Rogan, Robert Rogan, Brian
Rogan and Sara Rogan ("Rogan Family"). Rogan established this fact when he
previously produced personal tax returns for each member of the Rogan Family from
Rogan's own files in response to Dexia/Edgewater document requests. *See, e.g.*,
RDX 54080-54131 (Brian Rogan 2002 state and federal tax returns); RDX 54162-
242 (Sara Rogan 2002 state and federal tax returns); RDX 54243-335 (Robert
Rogan 2002 state and federal tax returns); RDX 54378-420 (Judith Rogan 2002
state and federal tax returns). *See also* Sara Rogan Dep. Sept. 2, 2005 at 27-29
(Ms. Rogan testifying that she does not know if she has an accountant, has never
spoken to an attorney regarding her finances, and does not recall ever signing or
seeing tax returns prepared and submitted on her behalf by Rogan attorney John
Foley) Accordingly, Rogan should produce complete, signed copies of Rogan
Family state and federal tax returns for 2003, 2004, and 2005, including all related
gift tax returns, K-1s, W-2s, Form 1099s, Form 1044s, Form 3520, Form 3520As,
and any accompanying worksheets, schedules or attachments. In this regard,
Rogan also should produce any Treasury Forms TD F 90-22.1 (Report of Foreign
Bank and Financial Accounts) filed by or on behalf of members of the Rogan Family
that are in his possession, custody or control.

➢ **Rogan Entity Tax Returns** - Rogan has possession, custody or control over
the tax returns of Bainbridge Management, Inc, Braddock Management LP,
Bainbridge Management LP, BFB, Ltd, Boulevard Management, Ltd., Boulevard
Management, Inc., Edgewater Property Company, and PGR Properties, Inc. Rogan
established this fact when he previously produced tax returns for each of these



Chris Stathopoulos
October 4, 2006
Page 3

entities from his files or files under his control at 240 East 90th Drive.  *See, e.g.*, RDX 53719-742 (PGR Properties 2001 Tax Return); RDX 53770-53807 (BFB 2001 Tax Return); RDX 53582-636 (EPC 2001 Tax Return); RDX 53522-580 (Bainbridge LP 2001 Tax Return); RDX 53412-477 (Braddock LP 2001 Tax Return); RDX 53478-520 (Bainbridge Inc. Tax Return); RDX 53743-769 (Boulevard Inc. 2001 Tax Return); RDX 53637-717 (Boulevard Ltd. 2001 Tax Return).   Accordingly, we ask that Rogan produce complete, signed copies of the state and federal returns for the entities and years listed below, including gift tax returns, K-1s, W-2s, Form 1099s, Form 1044s, Form 3520, Form 3520As, and any accompanying worksheets, schedules or attachments.  In this regard, Rogan also should produce any Treasury Forms TD F 90-22.1 (Report of Foreign Bank and Financial Accounts) filed by or on behalf of these entities.

| Entity | Years Needed |
|---|---|
| Braddock Management LP | 2004 and 2005 |
| Bainbridge Management LP | 2004 and 2005 |
| Bainbridge Management, Inc. | 2004 and 2005 |
| Edgewater Property Company | 2003 through 2005 |
| PGR Properties, Inc. | 2004 and 2005 |
| BFB, Ltd. | 2004 and 2005 |
| Boulevard Management, Ltd. | 2004 and 2005 |
| Boulevard Management, Inc. | 2004 and 2005 |

> ➢ **Bank, Investment Account and Credit/Debit Card Statements)**  -  Copies of monthly statements; wire transfer records; canceled checks; correspondence; communications; emails; deposit slips; withdrawal slips; account closing documents; credit or debit cards issued, signature cards, and any other documents relating to the following accounts of which Dexia and Edgewater currently are aware

>> o  Rogan and Rogan Family Accounts –

| Account Holder | Account Location | Account Number | Period Needed |
|---|---|---|---|
| PETER G ROGAN | AMERICAN NATIONAL BANK / BANK ONE / CHASE | 11910704 | June 2004-Present |
| PETER G ROGAN | BEAR STEARNS | 086-16883-007 | June 2004-Present |
| PETER G ROGAN | CITIBANK AADVANTAGE | 5424-1802-3997-9393 | August 2004 -Present |
| PETER G ROGAN | CITIBANK AADVANTAGE | 5466-1601-2680-4721 | August 2004 -Present |
| PETER G ROGAN | CITIBANK AADVANTAGE | 5466-1601-6078-3534 | August 2004 -Present |
| PETER G ROGAN | VISA UNITED MILEAGE PLUS | 4388-5230-4989-1588 | August 2004 -Present |
| PETER G ROGAN | FIRST USA BANK, N.A. | 4388-5230-4957-8490 | August 2004 -Present |
| PETER G ROGAN | VISA UNITED MILEAGE PLUS | 4833-5230-4993-5278 | August 2004 -Present |



Chris Stathopoulos
October 4, 2006
Page 4

| PETER G ROGAN | DIVERSIFIED INVESTMENT ADVISORS | FA067442 01 | July 2004 - Present |
|---|---|---|---|
| PETER G ROGAN | MFS INVESTMENT MANAGEMENT | 0017-01560351230 | July 2004 - Present |
| PETER G ROGAN | MORGAN STANLEY | 761109677 185 | May 2004 - Present |
| PETER G ROGAN | PUTNAM INVESTMENTS | 389396886 | July 2004 - Present |
| PETER G ROGAN | PUTNAM INVESTMENTS | 378383899 | July 2004 - Present |
| PETER G ROGAN | COLUMBIA FUND SERVICES (F/K/A STEIN ROE MUTUAL FUNDS) | 3330000028887 & 58152 | January 2004 - Present |
| PETER G ROGAN | TIAA CREF | A5499866/P5499863 | July 2004 - Present |
| PETER G ROGAN OR JUDITH K ROGAN | FIRST BANK / US BANK | 198070458916 | April 2004 - Present |
| PETER G ROGAN REV TRUST | FIRST NATIONAL BANK | 7008236 | January 2004 - Present |
| PETER G ROGAN REV TRUST | BANK ONE | 1586712547 | January 2004 - Present |
| JUDY ROGAN | SCUDDER INVESTMENTS (ZURICH) | 11102774632 | July 2004 - Present |
| JUDY ROGAN | CITIBANK AADVANTAGE | 4147-1100-2613-0586 | July 2004 - Present |
| JUDITH K ROGAN | VISA UNITED MILEAGE PLUS | 4388-5230-1603-6910 | July 2004 - Present |
| ROBERT C ROGAN | FIRST BANK / US BANK | 198090648934 | February 2005 - Present |
| SARA CAITLIN ROGAN/PETER G OR JUDITH | FIRST NATIONAL BANK | 70024896 | January 2004 - Present |
| SARA CAITLAN ROGAN | FIRST BANK / US BANK | 198090655632 | February 2005 - Present |
| BRIAN P ROGAN | FIRST BANK / US BANK | 198090655475 | February 2005 - Present |

o  **Rogan Entity Accounts** -

| Account Holder | Account Location | Account Number | Period Needed |
|---|---|---|---|
| BAINBRIDGE MANAGEMENT LP | BANK ONE / CHASE | 5330304180 | July 2004 - Present |
| BAINBRIDGE MANAGEMENT INC | FIFTH/THIRD BANK | 7680278897 | August 2004 - Present |
| BAINBRIDGE MANAGEMENT INC | FIFTH/THIRD BANK | 9231289803 | July 2004 - Present |
| BAINBRIDGE MANAGEMENT INC | PUTNAM INVESTMENTS | EMPLOYEE 401(K) PLANS | July 2004 - Present |
| BFB INC | FIRST BANK | 198070568698 | August 2004 - Present |
| BFB LTD | SCUDDER FUNDS | 11893379702 | July 2004 - Present |
| BOULEVARD MANAGEMENT INC | SUNTRUST BANK | 0014000237175 | June 2003- Present |
| BOULEVARD MANAGEMENT LTD | SUNTRUST BANK | 0014000241040 | June 2003- Present |
| BRADDOCK MANAGEMENT LP | BANK OF AMERICA | 002872479977 | July 2004 - Present |
| BRADDOCK MANAGEMENT LP | BANK OF AMERICA | 2872508330 | March 2004 - Present |
| EDGEWATER PROPERTY COMPANY | BANK ONE (AMER NAT'L BANK) | 18181627 | August 2004 - Present |



Chris Stathopoulos
October 4, 2006
Page 5

| EDGEWATER PROPERTY COMPANY | SCUDDER FUNDS | 11-10416352-6 | July 2004 - Present |
|---|---|---|---|
| PGR PROPERTIES INC | BANK ONE | 1612185411 | August 2004 - Present |
| PGR PROPERTIES INC | BANK ONE | 5300084190 | July 2004 - Present |

➢ **Rogan Financial Statements** - Copies of the Peachtree electronic ledgers designated "PGR Business" and "Rogan Family" and/or any other financial statements covering the period January 1, 2004 through the present, including but not limited to all: Income Statements; Balance Sheets; General Journals; General Ledgers; Cash Receipts Journals; and Case Disbursements Journals. This should also include any invoices, bills, statements or other materials that form the basis for the information contained in the financial statements.

➢ **Rogan Entity Financial Statements** - Copies of the Peachtree electronic ledgers and/or any other financial statements covering the period January 1, 2004 through the present for Bainbridge Management, Inc, Bainbridge Management LP, BFB, Ltd, Boulevard Management, Ltd., Boulevard Management, Inc., Braddock Management LP, Edgewater Property Company, and PGR Properties, Inc. Such statements should included, but are not limited to, all: Income Statements; Balance Sheets; General Journals; General Ledgers; Cash Receipts Journals; and Case Disbursements Journals. This should also include any invoices, bills, statements or other materials that form the basis for the information contained in the financial statements.

➢ **Documents Evidencing Assets and Liabilities** - For the period July 2004 through the present, all documents relating to Rogan's assets and liabilities, including but not limited to: CDs; bonds; Treasury Bills; insurance policies; annuities; stocks and dividends; leases; loans; notes; mortgages; automobiles; trusts; and any direct or indirect interests in any foreign or domestic corporations, partnerships, limited liability companies, or other business entities.

➢ **Peter G. Rogan Irrevocable Trust (Bahamas) Tax Forms** - Complete, signed copies of any IRS Forms 3520 and 3520A that were prepared for the Peter G. Rogan Irrevocable Trust (Bahamas) for the years 2004 and 2005.

➢ **Peter G. Rogan Irrevocable Trust (Bahamas) Communications** - Any documents in Rogan's possession, custody or control relating to the Peter G. Rogan Irrevocable Trust (Bahamas), including but not limited to any statements, letters, emails, or faxes sent to or received from Oceanic Bank and Trust Co. (Bahamas), T Protection Limited (BVI) or their employees, agents or representatives. This should include the faxes sent from 240 East 90th Street to Oceanic Bank and Trust's office in Nassau on January 15, 2003, March 10, 2003, November 21, 2003, and any subsequent communications (in any form) with Oceanic Bank and Trust or its representatives.



Chris Stathopoulos
October 4, 2006
Page 6

> **Rogan Calendar** - Complete copy of Rogan's calendar for the period October 2004 through the present.

> **Rogan Passport** - A copy of Rogan's current passport.

> **Telephone Records** – Copies of complete telephone records for the period June 2004 through the present for the telephones at: (i) 476 Wexford Rd., Valparaiso, Indiana; (ii) 240 East 90th Drive, Merrillville, Indiana; (iii) 55 East Erie, Chicago, Illinois; and (iv) the vessel Fringe Benefit. This also should include billing records for any cellular telephones that were billed to Peter Rogan, Judith Rogan, Bainbridge Management, Inc., Bainbridge Management LP, Edgewater Property Company, PGR Properties, Inc., BFB, Ltd., JKR Business, or any other cellular telephones that Rogan regularly used during the period June 2004 through the present.

> **Safe Deposit Box** - A complete inventory of the contents of safe deposit box # 70-00115 located at First National Bank, Valparaiso, Indiana, and any other safe deposit box maintained by or for the benefit of Rogan. Rogan also should produce any log recording access to the safe deposit box that First National Bank maintains.

\*          \*          \*

As noted at the outset, the specific documents identified above should not be construed as limiting Rogan's obligations under Rule 26(e). Although we have attempted to identify all of the bank accounts of which we are aware, there may be other relevant Rogan or Rogan Family accounts of which Rogan is aware but that are not included in the above list. Similarly, Rogan may have documents evidencing his assets and liabilities that are not specifically identified in the description of that category above. Accordingly, we expect that Rogan will produce all documents relating to the categories listed above regardless of whether the documents are specifically identified in this letter. Please note that we expect that documents maintained in electronic form (*i.e.*, Peachtree files, Word documents, emails) will be produced in electronic form. Finally, as Magistrate Judge Schenkier frequently has noted in relation to discovery in this matter, please bear in mind that the Federal Rules of Civil Procedure require Mr. Rogan to produce not only documents in his immediate physical possession, but any documents that are in his possession, custody or control. This includes, but is not limited to documents: (i) located at 240 East 90th Drive; (ii) that Rogan can request and receive from Fred Cuppy, Troy Myers, John Tatooles, John Foley, Bengston & Co or other professionals; and (iii) that Rogan can request and receive from banks, investment firms, the Internal Revenue Service, or other institutions.

As always, please contact me with any questions or concerns regarding this letter. Per Judge Schenkier's instruction at the August 3rd hearing, we would like to meet and confer regarding these requests prior to the October 10th status hearing in *Dexia v. Rogan*. Please contact me at your earliest convenience so that we can discuss Mr. Rogan's position with respect to the requests outlined above.



Chris Stathopoulos
October 4, 2006
Page 7

Sincerely,

*Eric S Pruitt*

Eric S. Pruitt

cc:     Neil Holmen
        Joseph Spiegler
        Gabriel Aizenberg
        Scott Mendeloff

CH1 3619134v.1



| | | |
|---|---|---|
| SIDLEY AUSTIN LLP | BEIJING | GENEVA | SAN FRANCISCO |
| ONE SOUTH DEARBORN | BRUSSELS | HONG KONG | SHANGHAI |
| CHICAGO, IL 60603 | CHICAGO | LONDON | SINGAPORE |
| (312) 853 7000 | DALLAS | LOS ANGELES | TOKYO |
| (312) 853 7036 FAX | FRANKFURT | NEW YORK | WASHINGTON, DC |

epruitt@sidley.com
(312) 853-1093

FOUNDED 1866

October 4, 2006

**By Email**

Sean Dailey
Mayer Brown Rowe & Maw
31 South Wacker Drive
Chicago, Illinois 60606

Re:     Dexia / Edgewater

Dear Sean:

By this letter, we request that Defendants Braddock Management LP and Bainbridge Management, Inc. ("Defendants") supplement their production of documents and interrogatory responses that are in Defendants' possession, custody or control, as necessary for Defendants to comply with their obligation under Federal Rule of Civil Procedure 26(e) to seasonably update their productions and responses. As discussed before Magistrate Judge Schenkier on August 3, 2006, Dexia and Edgewater do not ask Defendants to supplement their responses to all previous discovery requests. Rather, Dexia and Edgewater only seek updated responses and productions of a limited subset of the discovery categories previously propounded, *i.e.*, discovery relating primarily to Defendants' finances.

Per Judge Schenkier's instruction at the August 3rd hearing, we now detail the limited categories of documents for which we seek supplemental production. In this letter, we specifically identify each interrogatory and document request for which we seek supplemental responses/production. Moreover, to facilitate your response, we have gone to the trouble of reviewing previously produced materials for each identified interrogatory or document request, which has allowed us here to provide specific items of supplemental discovery that we believe should be included in your supplemental responses/production for each identified interrogatory or document request. Very importantly, however, we stress that the items we specify are not intended to be exhaustive. Obviously, as to each area of prior discovery for which we seek supplemental discovery, Defendants are uniquely positioned to know whether the items we identify with specificity below exhaust the required production under Rule 26(e), and if not, which additional supplemental responsive material must be produced to fulfill your responsibilities under Rule 26(e).

Please note that, with respect to the categories of documents identified below, we also have requested these same documents from Peter Rogan as we believe these categories of documents are also within his possession, custody or control. We obviously do not expect duplicative production of identical documents from both Mr. Rogan and Defendants, and expect

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships



SIDLEY AUSTIN LLP

Sean Dailey
October 4, 2006
Page 2

Defendants will coordinate with Mr. Rogan regarding the production of the requested documents.

➢ **Dexia Interrogatories Nos. 1, 2, 3, 4, & 7** - Updated responses to bring the responses current for the period March 24, 2004 through the present. For Interrogatory No. 1, we request information on the Person(s) that have Controlled or acted as officers, directors, employees, partners or shareholders for Braddock Management LP, Bainbridge Management LP and Bainbridge Management, Inc. for the period March 24, 2004 through the present. For Interrogatory No. 2, we request an updated listing of Defendants' bank or investment accounts, including account numbers and the current balance in each account. For Interrogatory No. 3, we request an updated listing of Defendants' assets and liabilities. For Interrogatory No. 4, we request updated information on all entities, corporations, partnerships or limited liability companies in which Defendants have had an interest. For Interrogatory No. 7, we request updated information for the period March 24, 2004 through the present regarding the Person(s) who are paying or have paid Defendants' legal bills in this litigation.

➢ **Defendants' Tax Returns (Dexia's First Set of Requests, Request No. 6)** - Complete, signed copies of the state and federal tax returns listed below, including all related gift tax returns, K-1s, W-2s, Form 1099s, Form 1044s, Form 3520s, Form 3520As, and all accompanying worksheets, schedules or attachments. In this regard, Defendants also should produce any Treasury Forms TD F 90-22.1 (Report of Foreign Bank and Financial Accounts) submitted by or on Defendants' behalf.

| Entity | Years Needed |
|---|---|
| Braddock Management LP | 2004 and 2005 |
| Bainbridge Management LP | 2004 and 2005 |
| Bainbridge Management, Inc. | 2004 and 2005 |

➢ **Bank, Investment Account and Credit/Debit Card Statements (Dexia's First Set of Requests, Request Nos. 6 & 28)** - Copies of monthly statements; wire transfer records; canceled checks; correspondence; communications; emails; deposit slips; withdrawal slips; account closing documents; credit or debit cards issued, signature cards, and any other documents relating to the following accounts of which Dexia and Edgewater currently are aware:

| Account Holder | Account Location | Account Number | Period Needed |
|---|---|---|---|
| BAINBRIDGE MANAGEMENT | VISA UNITED MILEAGE PLUS CREDIT CARD | 4388-5230-4989-1588 | August 2004 - Present |
| BAINBRIDGE MANAGEMENT LP | BANK ONE / CHASE | 5330304180 | July 2004 - Present |
| BAINBRIDGE MANAGEMENT INC | FIFTH/THIRD BANK | 7680278897 | August 2004 - Present |
| BAINBRIDGE MANAGEMENT INC | FIFTH/THIRD BANK | 9231289803 | July 2004 - Present |



Sean Dailey
October 4, 2006
Page 3

| BAINBRIDGE MANAGEMENT INC | PUTNAM INVESTMENTS | EMPLOYEE 401(K) PLANS | July 2004 - Present |
|---|---|---|---|
| BRADDOCK MANAGEMENT LP | BANK OF AMERICA | 002872479977 | July 2004 - Present |
| BRADDOCK MANAGEMENT LP | BANK OF AMERICA | 2872508330 | March 2004 - Present |

> **Financial Statements  (Dexia's First Set of Requests, Request Nos. 6 & 28)** - Copies of the Peachtree electronic ledgers and/or any other financial statements covering the period January 1, 2004 through the present for Bainbridge Management, Inc, Bainbridge Management LP, and Braddock Management LP. Such statements should included, but are not limited to, all: Income Statements; Balance Sheets; General Journals; General Ledgers; Cash Receipts Journals; and Case Disbursements Journals.  This should also include any invoices, bills, statements or other materials that form the basis for the information contained in the financial statements.

> **Documents Evidencing Assets and Liabilities  (Dexia's First Set of Requests, Request Nos. 6 & 28)**  -  For the period July 2004 through the present, all documents relating to Braddock Management LP, Bainbridge Management LP and Bainbridge Management, Inc.'s  assets and liabilities, including but not limited to: CDs; bonds; Treasury Bills; insurance policies; annuities; stocks and dividends; leases; loans; notes; mortgages; automobiles; trusts; and any direct or indirect interests in any foreign or domestic corporations, partnerships, limited liability companies, or other business entities.

**Telephone Records  (Dexia's First Set of Requests, Request No.  28)** – Copies of complete telephone records for the period June 2004 through the present for the telephones at 240 East 90th Drive, Merrillville, Indiana.  This should also include complete bills for any cellular telephones that were billed to Bainbridge Management, Inc., Bainbridge Management LP,  Braddock Management LP or any other cellular telephones that were regularly used during the period June 2004 through the present.

*          *          *

The specific documents identified above should not be construed as limiting Defendants' obligations under Rule 26(e).  For example, we have attempted to identify all of the bank accounts of which we are aware.  However, there may be other relevant accounts of which Defendants are aware but that are not included in the above list.  Similarly, Defendants may have documents evidencing their assets and liabilities that are not specifically identified in the description of that category above.  Accordingly, we expect that Defendants will produce all documents relating to the categories listed above regardless of whether the documents are specifically identified in this letter.  Please note that we expect that documents maintained in electronic form (*i.e.*, Peachtree files, Word documents, emails) will be produced in electronic form.  Finally, as Magistrate Judge Schenkier frequently has noted in relation to discovery in this



Sean Dailey
October 4, 2006
Page 4

matter, please bear in mind that the Federal Rules of Civil Procedure require Defendants to produce not only documents in their immediate physical possession, but any documents that are in their possession, custody or control. This includes, but is not limited to documents: (i) located at 240 East 90th Drive; (ii) that Defendants can request and receive from Fred Cuppy, Troy Myers, John Tatooles, John Foley, Bengston & Co or other professionals; and (iii) that Defendants can request and receive from banks, investment firms, the Internal Revenue Service, or other institutions.

As always, please contact me with any questions or concerns regarding this letter. Per Judge Schenkier's instruction at the August 3rd hearing, we would like to meet and confer regarding these requests prior to the October 10th status hearing in *Dexia v. Rogan.* Please contact me at your earliest convenience so that we can discuss Defendants' position with respect to the requests outlined above.

Sincerely,

Eric S. Pruitt

Eric S. Pruitt

cc:  Phil Reed
     Debra Bogo-Ernst
     Scott Mendeloff
     Gabriel Aizenberg