

RECEIVED

SEP 1 2 2008

JUDGE MATTHEW F. KENNELLY
UNITED STATES DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| DEXIA CREDIT LOCAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02 C 8288 |
| | ) | Hon. Matthew Kennelly |
| PETER G. ROGAN, et al., | ) | Magistrate Sidney Schenkier |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| SARA CAITLIN ROGAN, and ROBERT | ) | |
| CASHMAN ROGAN, | ) | |
| | ) | |
| Intervenors-Cross-Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| DEXIA CREDIT LOCAL, | ) | |
| | ) | |
| Cross-Defendants. | ) | |

## SARA ROGAN AND ROBERT ROGAN'S
## MOTION TO INTERVENE

Intervenors, Sara Rogan and Robert Rogan by their attorneys, O'Rourke & Moody, pursuant to Rule 24 of the Federal Rules of Civil Procedure, hereby move to intervene in the above captioned pending litigation (the "Litigation"). In support of their motion, J. Rogan and B. Rogan state as follows:

1.　　In the underlying action, Plaintiff, DEXIA CREDIT LOCAL (hereafter "Dexia") seeks to enforce a default judgment it obtained against Defendant, Peter Rogan

2.　　In an effort to enforce its default judgment, Dexia obtained a Temporary

Restraining Order (the "Order") on September 4, 2008, from this Court. The Order granted an injunction freezing all assets belonging to Peter Rogan and required that all assets belonging to Peter Rogan be turned over to Dexia. Included in the overly broad order were bank accounts held by Robert Rogan and Sara Rogan, trusts in the names of Sara Rogan and Robert Rogan and other assets solely belonging to Sara Rogan and Robert Rogan.

3.      Neither Sara Rogan and Robert Rogan were ever parties to the underlying action.

4.      Sara Rogan and Robert Rogan never received any form of notice regarding the proceedings which granted the Order. Furthermore, this Court does not have jurisdiction over Sara Rogan and Robert Rogan.

5.      Due to the Order's over-reaching terms, both Sara Rogan and Robert Rogan have had their property interests severely impaired and therefore have an absolute right to intervene in the underlying action.

6.      Sara Rogan and Robert Rogan have vital interests in the various financial accounts and trusts which have been frozen pursuant to the Order. Furthermore, it is evident that the existing parties to the underlying action cannot, and will not adequately represent the interests at stake for Sara Rogan and Robert Rogan. Accordingly, Sara and Robert are entitled to intervene, as of right, pursuant to Fed. R. Civ. Proc. 24(a).

7.      This Motion to Intervene is timely and will not cause any undue delay to these proceedings or any undue prejudice to any party.

WHEREFORE, Intervenors, Sara Rogan and Robert Rogan respectfully pray that

this Court enter its order granting it leave to intervene in the above-captioned action.

Dated: September 12, 2008                    Respectfully submitted,

                                             ROBERT C. ROGAN

                                             SARA C. ROGAN

                                             _____
                                             One of their Attorneys

Laura V. Farber, Esq.                        Timothy J. Touhy(#02848201)
HAHN & HAHN LLP                              Touhy & Touhy, Ltd.
301 E. COLORADO BOULEVARD                    55 W. Wacker Drive, Suite 1400
NINTH FLOOR                                  Chicago, Illinois 60601
PASADENA, CALIFORNIA  91101-1977             (312) 372-2209
Telephone: (626) 796-9123                    (312) 456-3838 facsimile
Facsimile: (626) 449-7357