IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEXIA CREDIT LOCAL, f/k/a Dexia Public Finance Bank and Credit Local de France, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 02 C 8288 |
| PETER G. ROGAN, et al. | ) ) | Judge Matthew F. Kennelly |
| Defendant. | ) ) | Magistrate Judge Sidney I. Schenkier |

## SUPPLEMENTAL AFFIDAVIT OF ETHAN L. CROOKS

Ethan L. Crooks, first duly sworn, deposes and states:

1. That I am over 21 years of age and presently employed as an attorney at O'Rourke & Moody, located at 55 West Wacker Drive, Suite 1400, Chicago, Illinois 60601. My office phone number is (312) 849-2020.

2. If I were called as a witness in this matter, I could and would testify as to the following facts:

3. Judith Rogan is a client of my firm.

4. I have personally been involved in the preparation of Judith Rogan's response to Dexia Credit Local's Temporary Restraining Order with Asset Freeze and other Equitable Relief directed at Judith Rogan, signed by United States District Judge Matthew F. Kennelly on September 4, 2008.

5. I was also personally involved in Judith Rogan's compliance with Dexia Credit Local's Citation to Discover Assets issued in 2007.

6. On August 24, 2007, September 5, 2007, and November 23, 2007, Dexia Credit Local's attorney, Eric S. Pruitt, sent my firm letters listing documents Dexia Credit Local had not

yet received pursuant to the citation against Judith Rogan. True and accurate copies of those letters are attached hereto as Exhibits A, B and C, respectively.

7. Between September, 2007 and November, 2007, I drafted and mailed letters of instruction to multiple financial institutions requesting Judith Rogan's financial account records. Additionally, each letter was accompanied by a signed Power of Attorney whereby Judith Rogan granted my firm the authority to make said requests.

8. To ensure completeness and clarity, the requests made upon the financial institutions in the instruction letters were the exact requests Mr. Pruitt had made in his series of letters to my firm.

9. My firm sent letters of instruction to the following financial institutions on the following dates:

   a) Brandywine Fund, September 11, 2007, attached hereto as Exhibit D;

   b) Clipper Fund, September 19, 2007, attached hereto as Exhibit E;

   c) DWS Scudder, September 19, 2007, attached hereto as Exhibit F;

   d) First National Bank of Valparaiso, September 19, 2007, attached hereto as Exhibit G;

   e) Oceanic Bank and Trust, October 3, 2007 attached hereto as Exhibit H;

   f) TD Ameritrade, November 27, 2007 and December 6, 2007, attached hereto as Exhibit I and Exhibit J, respectively.

10. My firm was diligent in ensuring that the requests of the multitude of documents from the financial institutions were complied with as completely and efficiently as possible.

11. Attached hereto as Exhibit K and Exhibit L, are true and accurate copies of email communications made between myself and account managers at HSBC Bank Canada and Oceanic Bank, respectively. As the email communications illustrate, my firm maintained an open

2

line of communication with the various financial institutions in order to ensure all document requests were completed expeditiously. Additionally, I made multiple follow-up calls to many of the financial entities as a means to keep apprised of the status of the requests.

12. All documents received pursuant to the letters of instruction were immediately sent to Dexia Credit Local's counsel.

**FURTHER AFFIANT SAYETH NAUGHT.**

*/s/ Ethan L. Crooks 9/22/08*
Ethan L. Crooks
O'Rourke & Moody
55 W. Wacker Dr., 1400
Chicago, Illinois 60601
(312) 849-2020

3