**EXHIBIT C**



| | | |
|---|---|---|
| SIDLEY AUSTIN LLP<br>ONE SOUTH DEARBORN<br>CHICAGO, IL 60603<br>(312) 853 7000<br>(312) 853 7036 FAX | BEIJING<br>BRUSSELS<br>CHICAGO<br>DALLAS | GENEVA<br>HONG KONG<br>LONDON<br>LOS ANGELES<br>NEW YORK | SAN FRANCISCO<br>SHANGHAI<br>SINGAPORE<br>TOKYO<br>WASHINGTON, DC |
| epruitt@sidley.com<br>(312) 853-1093 | FOUNDED 1866 | | |

November 23, 2007

**By Federal Express**

Michael J. O'Rourke
O'Rourke Katten & Moody
161 N. Clark Street, Suite 2230
Chicago, Illinois 60601

Re: *Dexia v. Rogan* (02 C 8288) – Citation to Judith Rogan

Dear Mike:

On July 5, Mrs. Judy Rogan ("Mrs. Rogan") produced an initial set of documents in response to Dexia's Citation to Discover Assets ("the Citation"), *which Citation sought financial records from January 1, 2004 to the present*. That production was extremely lacking. Since that time, we have patiently – and unsuccessfully – attempted to obtain full production on the Citation. Repeatedly, you have promised cooperation and/or production that was not thereafter forthcoming. Despite your assurances, it is now apparent that your client has no intention to produce the documents requested.

***Oceanic and HSBC***. On the same day as the initial production, I sent you an email notifying you that: (i) the production was insufficient due to Mrs. Rogan's failure to produce documents for accounts at Oceanic and HSBC Banks; and (ii) I would apprise you of other deficiencies after I completed a careful review of the production. On July 10th, you emailed me that "we are pulling together" the documents for production and "I will call you in the next couple of days when I have them." I immediately informed you by response email that we needed not just account statements, but all matter of account documents right down to all records of deposit and withdrawal.

***HSBC***. On July 13th, you produced summary account statements for HSBC *for 2007 only*, which was plainly information printed-off the internet. After I emailed you in early August that the July 13th production was wholly inadequate due to both the scant HSBC records produced and the utter absence of Oceanic documents, you told me on August 20th that Mrs. Rogan was calling HSBC to get the remainder of the account documents and that you had a "call in to John Foley." Of course, this statement was at odds with your representation 5+ weeks earlier. We had repeatedly made perfectly clear that our Citation extended far beyond account statements (to include *inter alia* individual items of deposit and withdrawal). Indeed, your statement that you were "pulling together the HSBC documents," itself indicates that you knew the Citation required Mrs. Rogan to do more than copy the 2007 account statements off the

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships



SIDLEY AUSTIN LLP

MICHAEL J. O'ROURKE
NOVEMBER 23, 2007
PAGE 2 | CHICAGO

internet. Thus, there is no excuse other than intentional delay for Mrs. Rogan's failure to do more than this.

On August 29, Mrs. Rogan produced HSBC account statements for most, but not all, of the months requested. She did not, however, produce any individual items of deposit and withdrawal, even though we had clearly and repeatedly been requesting these since the beginning. For the first time, Mrs. Rogan asked that we specify *which* of the items we wanted. There is simply no reason why Mrs. Rogan could not have made the request at the outset. Nevertheless, on September 5th, we provided you with the requested specification and asked that you produce the documents we identified no later than September 10th. This date has now come and gone, and we have not received the documents detailed in our September 5th letter.

**Oceanic**. As of Mrs. Rogan's limited HSBC production of August 29, Mrs. Rogan had still failed to produce a single document from the Oceanic account. This inactivity was, of course, odd considering the fact that you had represented on July 10th that "we are pulling together" those documents. On October 19, you finally produced account balance records for Mrs. Rogan's Oceanic account. However, as we made clear on September 5th and in all of our prior correspondence on this issue, the Citation requires Mrs. Rogan to produce not only account statements, but also account opening documents and "records of all transfers to and from the account, *i.e.* wire transfer record, cancelled check, records of deposit, or records of withdrawal." Mrs. Rogan still not has not produced: (i) account opening documents and (ii) the underlying transaction records for the May 4, 2005 and November 3, 2006 deposits to the account.

**Other Financial Materials Still Outstanding**. On August 24th, we sent you a letter detailing our responses to Mrs. Rogan's formal objections to the Citation and outlining the numerous remaining deficiencies in her document production. On August 30th, we met and conferred regarding the outstanding issues relating to Mrs. Rogan's production of documents as detailed in our August 24th letter. During that meet and confer, you agreed that, by September 10th, you would provide us with answers to our questions, responsive documents and/or a firm date in near future by which we could expect to receive responsive documents. My letter of September 5th details our agreement with respect to all of the outstanding issues we discussed during the August 30th meet and confer. Despite our agreement, we still have not received the following account documents:

| | | | |
|---|---|---|---|
| Ameritrade | 192-908508 | Judith K. Rogan Revocable Trust | ➤ No monthly account statements for July 2004, November 2004, April 2005 through August 2005, October 2005 through December 2005 and February 2006; <br><br> ➤ No records of individual deposits, checks, or wire transfer records for period January 1, 2004 through present. |



# SIDLEY

SIDLEY AUSTIN LLP

MICHAEL J. O'ROURKE
NOVEMBER 23, 2007
PAGE 3 | CHICAGO

| Ameritrade | 51-282-424 | Judith K Rogan Trustee | ➢ No account opening documents;<br><br>➢ No monthly account statements for period January 1, 2004 through present;<br><br>➢ No records of individual deposits, checks, or wire transfer records for period January 1, 2004 through present. |
|---|---|---|---|

\*     \*     \*

This letter only summarizes the items identified in detail in my September 5th letter that you agreed to address by September 10th but have so far failed to address with a document production and/or response. My September 5th letter contains a full description of Mrs. Rogan's outstanding obligations and your agreements relating to those obligations. We have repeatedly informed Mrs. Rogan of her obligations under the Citation and cannot tolerate further delay from her on these issues. Dexia will move for a rule to show cause against Mrs. Rogan if, by 5:00 p.m. November 28th, Mrs. Rogan has not provided us with <u>full and complete</u> production of the documents identified above and/or a <u>firm</u> date in the <u>very</u> near future by which we can expect to receive responsive documents,

As always, please contact me with any questions or concerns you may have about our requests.

Sincerely,

Eric S. Pruitt

Eric S. Pruitt

cc: Scott Mendeloff
Gabriel Aizenberg
AUSA Joseph Stewart
AUSA Melissa Childs

CH1 4075709v.1