**EXHIBIT J**

# O'ROURKE KATTEN & MOODY

161 NORTH CLARK STREET
SUITE 2230
CHICAGO, ILLINOIS 60601

(312) 849-2020
(312) 849-2021 FAX

December 6, 2007

**Letter of Instruction**
TD Ameritrade
Account Numbers: 192-908508, 51-282-424
Account Holder: Judith K. Rogan

To Whom It May Concern:

Enclosed please find a copy of a signed Power of Attorney to Request and Receive Financial Account Information and Documentation, appointing O'Rourke Katten & Moody, as Judith K. Rogan's Attorney-in-Fact. Also enclosed is a copy of the complete "Judith K. Rogan Revocable Trust." Page one (1), first paragraph states Judith Rogan is the trustee of the trust and page thirteen (13), Section (h) gives the trustee (Rogan) the ability to delegate all trustee powers to an attorney.

Pursuant to the authorizing language of the Power of Attorney and Revocable Trust, O'Rourke Katten & Moody, through one of its agents, requests the following account documents:

Account # 192-908508
- Monthly account statements for July 2004, November 2004, April 2005 through August 2005, October 2005 through December 2005 and February 2006.
- Any records of individual deposits, checks, or wire transfer records for the period of January 1, 2004 through present.

Account # 51-282-424
- Any and all documents pertaining to the opening of Account # 51-282-424
- Monthly account statements for period January 1, 2004 through present.
- Any records of individual deposits, checks, or wire transfer records for the period January 1, 2004 through present.

Please send all requested documentation to:

Michael O'Rourke
O'Rourke Katten & Moody
161 N. Clark St., Suite 2230
Chicago, Illinois 60601

1

If the above request entails costs in excess of $100.00, please notify the undersigned prior to any document production. Thank you very much for your cooperation in this matter.

Regards,

Michael J. O'Rourke
Partner
O'Rourke Katten & Moody

2



### JUDITH K. ROGAN REVOCABLE TRUST

I, Judith K. Rogan, of Porter County, Indiana, hereby transfer to myself, as initial Trustee, the property listed on the attached Schedule A. This property and any other property which the Trustee may receive shall be administered as follows:

### Article I

### Name of Trust

This instrument shall be designated as the "Judith K. Rogan Revocable Trust dated ___4/19___, 1989."

### Article II

### Provisions During Lifetime of Grantor

Section 1. Amendment and Revocation. I may from time to time amend or revoke this instrument, in whole or in part, by signed instruments delivered to the Trustee during my life.

Section 2. Distribution by Trustee. During my life, the Trustee shall pay such amounts of the income and principal to me or otherwise as I may from time to time direct in writing; except that whenever the acting Trustee considers that I am incapacitated in any way so as to be unable to manage my financial affairs the Trustee may use such amounts of the income and principal as the Trustee considers to be in my best interests, adding any unpaid income to principal.

### Article III

### Payments and Elections

Section 1. Payment of Debts, Taxes and Expenses. After my death, to the extent the trust property consists of United States treasury bonds redeemable at par in payment of estate taxes, the Trustee shall use such bonds to pay estate taxes. To the extent that the assets of my probate estate (other than property which in the sole judgment of the Trustee does not have a readily realizable market value) are insufficient, the Trustee shall pay the following obligations: my funeral expenses;

legally enforceable claims against me or my estate; reasonable
expenses of administration of my estate; any allowances by court
order for those dependent upon me; and taxes payable by reason of
my death (other than generation-skipping taxes). The Trustee
shall not pay any of these obligations out of assets otherwise
excludable from my gross estate for federal estate tax purposes.
All such payments shall be charged against the principal of the
Family Trust. The Trustee shall not seek contributions or
reimbursement for any such payments, except to the extent the
Trustee has the right by law or otherwise to seek contribution or
reimbursement for taxes payable by reason of property over which
I have a power of appointment or by reason of property in which I
have an income interest for life for which a marital deduction
was previously elected and allowed. The Trustee may make such
payments directly or may pay over the amounts to the Personal
Representative of my estate. Written statements by the Personal
Representative of the sums to be paid shall be sufficient
evidence of their amount and propriety for the protection of the
Trustee, and the Trustee shall be under no duty to see to the
application of any such payments.

Section 2. Election of Trustee. The Trustee shall
make elections under tax laws or employee benefit plans in such
manner as appears advisable in the administration of my estate to
minimize taxes and expenses payable out of my estate or the
Trust. No adjustments shall be made as between income and
principal to compensate for the effect of such elections on the
interests of the beneficiaries. The action of the Trustee in
this regard shall be binding on all persons.

### Article IV

### Marital Trust

Section 1. Funding of Marital Trust.

(a) If Peter G. Rogan ("my husband") survives me
(it shall be presumed that I survived him for all purposes hereof

2

if the order of our deaths cannot be proved), on the date of my death the Trustee shall create from the trust property a separate trust, designated as the "Marital Trust," and shall allocate to the Marital Trust from the trust property an amount equal to the following: (1) the maximum marital deduction (meaning the unlimited marital deduction provided for in Section 403 of the Economic Recovery Tax Act of 1981) allowable to my estate for federal estate tax purposes, (2) less an amount, if any, equal to the value of interests passing to my husband, other than under this Section, to the extent that such interests qualify for the federal estate tax marital deduction allowable to my estate. The amount so allocated to the Marital Trust shall be reduced by such amount, if any, which will result in an increase of my taxable estate to the maximum amount with respect to which no federal estate tax will be payable by reason of my death, considering the unified credit against federal estate tax and all other credits and deductions allowable to my estate, and which will not cause or increase any state death tax based on the federal credit for state death taxes.

(b)    The Trustee is hereby authorized to create the Marital Trust wholly or partially in cash or in kind and to select and designate and allocate to the Marital Trust cash, securities, and other assets, including without limitation, real estate and any interest therein.

(c)    Any property distributed in kind to the Marital Trust shall be valued as finally determined for federal estate tax purposes. The decision of the Trustee with respect to the property to be allocated to the Marital Trust shall not be subject to question by any person; provided, however, that there shall not be allocated to the Marital Trust any asset or the proceeds of any asset with respect to which a federal estate tax marital deduction would not be allowed to my estate if so allocated. The property, including cash, allocated to the

3

Marital Trust shall have an aggregate fair market value fairly representative of the appreciation or depreciation in the value to the date, or dates, of each distribution to all property then available for distribution.

(d)  It is my desire that the value of all assets which are allocated to the Marital Trust pursuant to the provisions of this Article shall qualify for the federal estate tax marital deduction.  Therefore, notwithstanding any provision of this instrument to the contrary, the Trustee shall not have any rights, powers, duties, discretions, or immunities which would cause any such assets to fail to so qualify.

(e)  Unproductive property shall not be held as an asset of the Marital Trust for more than a reasonable time without my husband's written consent.

Section 2.  Provisions of Marital Trust.  The Trustee shall administer and distribute the Marital Trust as follows:

(a)  Beginning with my death, the Trustee shall pay all the income of the Marital Trust to my husband during his lifetime in installments paid not less frequently than quarterly.

(b)  The Trustee shall pay to my husband during his life such amounts of the principal of the Marital Trust as he from time to time requests in writing and the Trustee shall pay to him or on his behalf such amounts of the principal of the Marital Trust as the Trustee from time to time considers desirable for his best interests.

(c)  The Trustee shall distribute such amounts of the income and principal of the Marital Trust to or for any one or more of my descendants, as my husband from time to time requests in writing.  The Trustee shall pay to my husband such amounts of the principal of the Marital Trust as may be necessary to pay any gift tax which may become due because of the exercise of this power of appointment.

4

(d)   Upon the death of my husband, the Trustee shall distribute the principal and any unpaid income of the Marital Trust to such persons or entities, including the estate of my husband, in such proportions and subject to such trusts, powers and conditions as he appoints by Will specifically referring to this power of appointment.   Any principal and unpaid income of the Marital Trust not effectively appointed on the death of my husband shall be added by the Trustee to the Family Trust.

### Article V

### Family Trust

Section 1.  Funding of Family Trust.

(a)   Upon my death, the Trustee shall allocate any assets not transferred into the Marital Trust (including any portion of the Marital Trust disclaimed by my husband) to a separate trust, designated as the "Family Trust."

(b)   The Trustee shall also allocate to the Family Trust such property as may be transferred into this Judith K. Rogan Revocable Trust pursuant to the Will of my husband.

Section 2.  Provisions of Family Trust During Husband's Lifetime.  After my death and during my husband's lifetime, the Trustee shall administer and distribute the Family Trust as follows:

(a)   The Trustee shall pay to my husband, during his life, such amounts of income and principal of the Family Trust as the Trustee from time to time considers desirable for his best interests, adding any unpaid income to principal.

(b)   The Trustee shall pay such amounts of income and principal of the Family Trust to or for any one or more of my descendants, in such proportions and subject to such trusts, powers and conditions as my husband from time to time appoints in writing or by Will specifically referring to this power of appointment.

5

<u>Section 3. Provisions of Family Trust After Death of
Husband.</u> After the death of the survivor of my husband and me,
the Trustee shall administer and distribute the Family Trust as
follows:

(a)  The Trustee shall, from the income and principal
of the Family Trust, pay to or reimburse the guardian or
guardians of any minor children of mine for all reasonable
expenses incurred on behalf of such child or children.

(b)  The Trustee shall pay such portions of the income
and principal of the Family Trust to or on behalf of any or all
of my children as the Trustee deems reasonably necessary for
education expenses.  Education expenses shall include tuition,
costs, travel expenses, and similar items related to attendance
at any secondary school, college, university, trade school,
graduate school, or professional school, and reasonable living
expenses while any such child is enrolled as a student in any
such program.  However, expenses shall be paid under this Section
3(b) only if the Trustee has determined, in its discretion, that
adequate assets shall remain in the Family Trust for all
reasonably anticipated expenditures pursuant to Sections 3(a) and
4 of this Article (except as otherwise provided in Section 4).

(c)  After any child of mine has attained the age of
twenty-five, upon the written request or requests of such child
the Trustee may, in its discretion, distribute to such child such
amounts of the principal and income of the Family Trust as the
Trustee deems reasonable for the establishment or continuance of
a business in which such child has a substantial ownership
interest.  For purposes hereof, such business or businesses shall
be limited to those businesses in which such child substantially
participates in the operation thereof and shall not include
businesses in which such child is only an investor.  Any
distributions made under this Section 3(c) shall be considered to
be early payments of the amounts which would otherwise be payable

6

to such child under Sections 3(d), 3(e), and 3(f) of this Article; for this reason the payments to any child of mine under this Section 3(c) shall not exceed the amounts which the Trustee estimates, in its discretion, to be the total amounts which would be payable to such child under Sections 3(d), 3(e), and 3(f) of this Article. The foregoing notwithstanding, distributions shall be made under this Section 3(c) only if the Trustee has determined, in its discretion, that adequate assets shall remain in the Family Trust for all reasonably anticipated expenditures pursuant to Sections 3(a) and 4 of this Article.

(d) On the earliest date on which all of my then living children have attained age twenty-five, subject to the provisions of Section 4 of this Article, the Trustee shall distribute one-third of the assets then held in the Family Trust to my descendants then living, per stirpes. For purposes of determining the amounts distributable under this Section 3(d), the Trustee shall include in the valuation of the assets of the Family Trust the amount or amounts of any distributions made pursuant to Section 3(c) of this Article plus the earnings which would have been earned on the amounts so distributed from the date or dates of distribution through the date of distribution under this Section 3(d) (the calculation of such earnings to be based upon the average earnings of the trust assets during such period or periods). For purposes of this Section 3(d), the amounts by which the valuation of the assets of the Family Trust is increased pursuant to the preceding sentence shall be regarded as having been distributed to the child receiving the distributions under Section 3(c) of this Article pursuant to this Section 3(d); any such child (or descendants thereof) shall receive only the excess (if any) of the amounts distributable to such child under this Section 3(d) over the amounts (plus estimated earnings thereon) distributed to such child under Section 3(c) of this Article. This Section 3(d) shall be void if

7

the distribution provided in Section 3(e) of this Article is to be made at the same time.

(e) On the earliest date on which all of my then living children have attained age thirty, subject to the provisions of Section 4 of this Article, the Trustee shall distribute one-half of the assets then held in the Family Trust to my descendants then living, per stirpes. However, the amounts distributable to any child (or descendants thereof) who has received a distribution or distributions pursuant to Section 3(c) of this Article and for whom the amount or amounts of such distributions have not been fully recovered under Section 3(d) of this Article shall be diminished, in the manner provided in Section 3(d) of this Article, by the excess of the amount distributed pursuant to Section 3(c) (plus estimated earnings thereon) over the amount by which the distribution was diminished pursuant to Section 3(d) of this Article.

(f) On the earliest date on which all of my then living children have attained age thirty-five, subject to the provisions of Section 4 of this Article, the Trustee shall distribute all remaining the assets of the Family Trust to my descendants then living, per stirpes. However, the amounts distributable to any child (or descendants thereof) who has received a distribution or distributions pursuant to Section 3(c) of this Article and for whom the amount or amounts of such distributions have not been fully recovered under Sections 3(d) and 3(e) of this Article shall be diminished, in the manner provided in Section 3(d) of this Article, by the excess of the amount distributed pursuant to Section 3(c) (plus estimated earnings thereon) over the amounts by which the distribution was diminished pursuant to Sections 3(d) and 3(e) of this Article.

(g) In making any distributions pursuant to Sections 3(a), 3(b), and 3(c) of this Article, the Trustee shall take into account any similar distributions to or on behalf of my

8

descendants pursuant to the will of my husband or any trust established by my husband. The Trustee shall make the distributions provided in Sections 3(a), 3(b), and 3(c) of this Article only to the extent that the amounts directed to be distributed in said Sections exceed the amounts paid for such purposes pursuant to the will of my husband or pursuant to any trust established by my husband. The Trustee, in applying the provisions of this Section 3(g), shall take into account only those payments made pursuant to the will or any trust established by my husband which are known to the Trustee; the Trustee shall not be required to make any inquiries in this regard. This Section 3(g) shall not be construed to limit the discretion of the Trustee in determining the amount or amounts which are payable under the provisions of Sections 3(a), 3(b), and 3(c) of this Article.

(h) If there are no living descendants of mine at the time any distribution is to be made pursuant to this Section, the Trustee shall distribute the Family Trust in equal shares to the brothers and sisters of me and my husband then living; if any brother or sister is deceased but has descendants then living, the share which would have gone to such deceased brother or sister shall be distributed to his or her descendants, per stirpes.

(i) All distributions pursuant to this Section 3 shall be subject to the holdback provisions of Article VII, Section 1.

Section 4. Continuing Trust. Notwithstanding the provisions of Section 3 of this Article, after the death of the survivor of my husband and me, if the Trustee should determine that any child of mine is disabled, or if the Trustee should determine, in its discretion, that my mother, Marge Koltunski, may be reasonably expected to need funds (over and above those assets and income sources available to her) for present or future living and medical expenses, the Trustee shall establish a

9

separate trust for each such child and/or for Marge Koltunski (the "Beneficiary"), designated with the name of the Beneficiary. Such trust shall be administered as follows:

(a)  The Trustee shall, from time to time, fund such Beneficiary's trust with such of the assets of the Family Trust as the Trustee determines, in its discretion, to be necessary to pay the present and reasonably anticipated future living and medical expenses of the Beneficiary during the period of such child's disability or for the remainder of the life of Marge Koltunski. In making this determination, the Trustee may, in its discretion, take into account any other sources or potential sources of payment for such living and/or medical expenses. The Trustee may, in its discretion, delay making any of the distributions provided in Sections 3(c), 3(d), 3(e), and 3(f) of this Article (and, in the case of a trust established under this Section for a child of mine, any distributions provided in Section 3(b) of this Article) for a reasonable period in order to make a determination as to whether it will be necessary to establish such a trust, whether additional assets should be transferred to such trust, and the amount of the assets which should be transferred to such trust.

(b)  In the case of a trust established under this Section for the benefit of Marge Koltunski, the Trustee shall not transfer any assets to such trust unless the Trustee has determined, in its discretion, that as of the time of such transfer, adequate assets shall remain in the Family Trust for the completion of the payments required under Section 3(a) and 3(b) of this Article.

(c)  The Trustee shall pay from the assets of such Beneficiary's trust all reasonable living expenses, including but not limited to medical and rehabilitation expenses, for the Beneficiary during the period of the Beneficiary's disability (in

10

the case of a child of mine) or for the remainder of the life of
Marge Koltunski.

    (d)   At such time as such child ceases to be disabled
or upon the death of such child or the death of Marge Koltunski,
the Trustee shall distribute any assets remaining in such
Beneficiary's trust to the Family Trust, to be administered
pursuant to the terms of Section 3 of this Article.

    (e)   For purposes of this Section, a child shall be
deemed to be disabled if, due to a physical or mental condition,
such child is or will be unable to be employed on a full-time
basis for a period reasonably anticipated to exceed three months.
The determination of whether a child is disabled shall be made by
the Trustee.

    (f)   In making any distributions pursuant to this
Section 4, the Trustee shall take into account any similar
distributions to or on behalf of the Beneficiary or any trust
therefor pursuant to the will of my husband or any trust
established by my husband.  The Trustee shall make the
distributions provided in  this Section 4 only to the extent that
the amounts directed to be distributed in this Section exceed the
amounts paid for such purposes pursuant to the will of my husband
or pursuant to any trust established by my husband.  The Trustee,
in applying the provisions of this Section 4(f), shall take into
account only those payments made pursuant to the will or any
trust established by my husband which are known to the Trustee;
the Trustee shall not be required to make any inquiries in this
regard.  This Section 4(f) shall not be construed to limit the
discretion of the Trustee in determining the amount or amounts
which are payable under the provisions of this Section 4.

## Article VI

## Powers of Trustee

    In addition to the powers granted by law, the Trustee
shall have the following powers:

11

(a)  To sell, option, exchange, partition, dedicate, grant easements, licenses or leases within or beyond the term of any trust, improve, repair, remodel, demolish, abandon, subdivide, develop or otherwise deal with any real or personal trust property;

(b)  To retain indefinitely or invest any trust property in stocks, bonds, notes, mortgages, common trust funds, shares of any investment company or trust, and any other real or personal property, and any investment made or retained by the Trustee in good faith shall be proper despite any rule of law limiting trust investments or any resulting risk from lack of diversification or marketability;

(c)  To borrow from any source, including the corporate Trustee's banking department;

(d)  To contest, settle or abandon claims in favor of or against the trust property;

(e)  To divide or distribute trust property in cash or in kind, or both, undivided interests, different assets or disproportionate interests in assets and to determine the value of any such property;

(f)  To enter into any transaction authorized by this Article with the fiduciary of any trust or estate, though the Trustee is the fiduciary; and in any such transaction to purchase property, or make loans on notes secured by property, even though similar or identical property constitutes all or any proportion of the balance of the trust property, and to retain any such property or note with the same freedom as if it had been an original part of the trust property;

(g)  To transfer the situs of the trust property to any other jurisdiction within or outside of the United States of America; to appoint or remove by written instrument any person or qualified corporation, wherever located, as special trustee as to part or all of the trust property, including property as to which

12

the Trustee does not act, and such special trustee, except as limited by this or the appointing instrument, shall have all of the titles, rights, powers, duties, discretions and immunities of the Trustee, without liability for any action taken or omitted to be taken under this or the appointing instrument;

(h)  To employ and pay reasonable compensation to accountants, attorneys and agents, and delegate to them any powers of the Trustee;

(i)  To vote and issue proxies to vote stocks and voting securities, and to join or oppose voting trusts, mergers, foreclosures, reorganizations, liquidations, or other changes in the financial structure of any corporation;

(j)  To retain any business interest, as shareholder, even though it may constitute all or a large portion of the trust property and to participate in the conduct of any business with respect to its management and affairs which an individual could do as owner of the business, including but not limited to (1) the voting of stock and the determination of all questions of policy; (2) the execution of partnership agreements and amendments thereto; (3) the participation in any incorporation, reorganization, merger, consolidation, recapitalization, liquidation or dissolution of any business or any change in its nature; (4) the investment of additional capital in, subscription to or purchase of additional stock or securities of, or the making of secured, unsecured or subordinated loans to, any business with trust funds; (5) the election or employment with compensation as directors, officers, employees, or agents of any business, or any persons, including a trustee or a director or agent of a trustee.  If any such business is continued by the Trustee, the Trustee shall not be liable for any losses to the trust property arising therefrom, and they may retain and continue such business without application to any court for authority to do so;

13

(k) To hold trust property in the name of a nominee or in any other way without disclosing the trust relationship;

(l) To allocate, despite any rule of law, receipts and disbursements between income and principal;

(m) To consolidate any separate trust created hereunder with any other trust with similar provisions for the same beneficiary or beneficiaries, whether created by me or any other person;

(n) To receive additional property from any source;

(o) To execute and deliver all proper instruments, including those containing covenants and warranties;

(p) To perform all other acts appropriate for proper trust administration.

## Article VII

### General Trust Provisions

Section 1. Holdback of Distributions to Minors. The Trustee shall, with respect to any income or principal distributable under this instrument to a beneficiary under age twenty-one and which the Trustee is not otherwise directed under this instrument to hold, establish a custodianship under a Uniform Gifts to Minors Act for the beneficiary or establish a trust for the beneficiary in which his or her interest is vested, to be distributed to the beneficiary when he or she reaches age twenty-one, meanwhile paying him or her such part of the income and principal as the Trustee from time to time considers desirable for the support and education (including private, graduate or professional education) of the beneficiary, adding any unpaid income to principal.

Section 2. Beneficiary Under Disability. Any income or principal payments to a beneficiary under legal disability or whom the Trustee considers unable to manage the payments properly may be made in such of the following ways as the Trustee considers advisable:

14

(a) by expenditure for the beneficiary's benefit;

(b) to a custodian of the beneficiary under a Uniform Gifts to Minors Act;

(c) to a duly appointed guardian or conservator of the beneficiary.

Section 3   Knowledge of Will.   The Trustee may rely upon an instrument admitted to probate in any jurisdiction as the will of the holder of a power of appointment or may assume the power of appointment was not exercised in the absence of actual notice of the holder's will within three months after the holder's death.

Section 4.   Discretionary Termination by Trustee.   The Trustee may, but need not, distribute any trust of less than Fifty Thousand Dollars to the beneficiaries proportionately to their interests in income from such trust, or, if their respective rights to receive income are discretionary with the Trustee, then to my descendants, per stirpes.

Section 5.   Insurance Policies and Employee Benefit Plans.   The following provisions shall apply to insurance policies on my life or employee benefit plans under which death benefits may be payable to the Trustee:

(a) During my life, I reserve all dividends, options and rights under such policies or plans, including without limitation the rights to change beneficiaries, to assign the policies or plans as security for any loan from any lender (including the Trustee) and to withdraw the policies or plans.

(b) The Trustee need not pay or see to the payment of premiums, assessments or other charges on such policies.

(c) On my death the Trustee shall take whatever action the Trustee considers best to collect the proceeds of such policies or plans, but the Trustee need not incur expense or take legal proceedings unless indemnified.

15

(d)  The Trustee may give a full discharge to an obligor of such obligor's liability under any such policy or plan.

Section 6.  Spendthrift Provision.  The interest of any beneficiary shall not be assignable or subject to the claims of any creditor or spouse, including claims for alimony or separate maintenance.  Withdrawals may be made only on a voluntary basis.

Section 7.  Perpetuities.  Despite the preceding language of this instrument, any trust created under this instrument shall terminate not later than twenty-one (21) years after the death of the last to die of my husband and my descendants living on the date of my death.  The Trustee shall distribute any such trust to the then living beneficiaries proportionately to their interests in income from such trust, or, if their respective rights to receive income are discretionary with the Trustee, then to my then living descendants, per stirpes.

Section 8.  Best Interests.  The term "best interests" shall be interpreted liberally to include not only distributions for the support, medical care, education (including private, graduate, or professional education) and reasonable travel of the beneficiary, but also distributions for his or her own comfort and convenience.

Section 9.  Annual Statement.  The Trustee shall furnish an account of its receipts and disbursements at least annually to each income beneficiary.

Section 10.  Authority of Trustee.  The Trustee's exercise of powers and discretions in good faith shall bind all persons.  No one need see to the application of money paid or property delivered to the Trustee.  The Trustee's certificate that it is acting according to this instrument shall fully protect all persons dealing with the Trustee.

16

Section 11. **Compensation of Trustee**. The Trustee shall be entitled to reasonable compensation for its services and shall also be reimbursed for its reasonable expenses incurred in the administration of this instrument.

Section 12. **Governing Law**. The laws of the State of Indiana shall govern the interpretation and validity of the provisions of this instrument.

## Article VIII

### Trustees

Section 1. **Initial Successor Trustees**. When I cease to act as Trustee or when I am incapacitated in any way so as to be unable to manage my financial affairs, during my lifetime my husband and Gainer Bank, N.A., of Gary, Indiana, shall act as Co-Trustees of the Judith K. Rogan Revocable Trust. Upon my death, my husband and Gainer Bank, N.A., of Gary, Indiana, shall act as Co-Trustees of all trusts hereunder. In the event that my husband is unable or ceases to act in any such capacity, B. Macon Brewer, Jr., and Frederick M. Cuppy shall serve as Co-Trustee with Gainer Bank, N.A. If either B. Macon Brewer, Jr., or Frederick M. Cuppy is unable or ceases to act in any such capacity, the remaining individual shall serve as Co-Trustee with Gainer Bank, N.A.

Section 2. **Successor Individual and Corporate Trustees**.

(a) Except as provided in Section 1 of this Article, each individual Co-Trustee may by written instrument filed with the corporate Trustee name one or more persons to succeed him or her consecutively as the individual Co-Trustee of any trust created by this instrument on any stated contingency, and may similarly revoke such plan at any time before such contingency occurs. Subject to the preceding sentence, any vacancy in the office of individual Co-Trustee shall be filled by a person appointed in an instrument signed by a majority in number of the beneficiaries to whom the income then is or may be paid. During

17

any period that no person is acting as individual Co-Trustee, the acting corporate Trustee shall serve as sole Trustee of any trust created under this instrument.

(b) If any corporate Trustee fails or ceases to act, any qualified corporation with equity (i.e., capital, surplus, and undivided profits and reserves) of at least ten million dollars shall be appointed trustee by an instrument delivered to it which is signed by the individual Trustee, if any, or if not, by beneficiaries representing a majority interest in the income of the Trust.

Section 3. **Removal of Corporate Trustee.** Each individual Co-Trustee may by written instrument filed with the corporate Trustee remove such corporate Trustee, but only if on or before the effective date of removal another corporate Trustee has been appointed as provided in subparagraph (b) of the preceding Section. The removed Trustee shall promptly deliver the trust assets and records to its successor.

Section 4. **Beneficiary Under Legal Disability.** If a beneficiary is under legal disability, the Trustee shall give any notice to his or her legal Representative (or if none, to his or her parents or guardian), who may also sign any instrument under this Article for the beneficiary.

Section 5. **Directions to Trustee.** Upon my death, the following shall apply:

(a) Despite the preceding language of this instrument, no Trustee shall exercise any discretion to pay, withhold or distribute income or principal of a trust in which the Trustee, or a person to whom the Trustee is legally obligated, has any beneficial interest. Such discretion shall be exercised only by the other Trustee.

(b) A Trustee may from time to time delegate by written instrument delivered to the other Trustee any or all of

the powers, rights, duties and discretions held by the Trustees jointly.

(c)  While B. Macon Brewer, Jr., and/or Frederick M. Cuppy are serving as individual Co-Trustee hereunder, the individual Co-Trustee shall make all decisions with respect to the investment of the trust assets.  That is, the individual Co-Trustee shall direct the corporate Trustee on all investment decisions and the corporate Trustee shall invest the trust assets in accordance with the directions of the individual Co-Trustee. The corporate Trustee, in acting in accordance with the directions of the individual Co-Trustee shall retain possession of the trust assets but shall not otherwise be responsible for investment decisions.  The provisions of this Section 5(c) shall be applicable only while B. Macon Brewer, Jr., and/or Frederick M. Cuppy are serving as individual Co-Trustee hereunder.

(d)  The corporate Trustee shall have custody of the trust records.

Section 6.  Rights of Successor Trustees.  A successor Trustee shall have all of the titles, rights, powers, duties, discretions, immunities and in all ways be in the same position as if originally named Trustee.  No successor Trustee shall be personally liable for any act or failure to act of a predecessor Trustee.  On the written direction of the beneficiaries to whom the income then is or may be paid, a successor Trustee may accept without examination the accounts furnished and the property delivered by or for the predecessor Trustee.  Such acceptance shall be a complete discharge to the predecessor Trustee and shall bind all beneficiaries.

Section 7.  Resignation of Trustee.  A Trustee of separate Trust created under this instrument may resign at any time by written notice to the other trustee, if any, and to the beneficiaries to whom the income then is or may be paid.  The

19

resignation shall not prevent such Trustee from acting as the Trustee of any other trust.

Section 9. Acceptance of Accounts from Personal Representative. On the written direction of the beneficiaries to whom the income then is or may be paid, the Trustee may accept without examination the accounts furnished and the property delivered by my Personal Representative. Such acceptance shall be a complete discharge to my Personal Representative and shall bind all beneficiaries.

This instrument is signed on this 19 day of April , 1989.

Judith K. Rogan
Individually and as Trustee

20

## SCHEDULE A

### JUDITH K. ROGAN REVOCABLE TRUST

The following property is transferred to the Trustee on this __19__ day of __april__ , 1989:

Ten Dollars.

21

## POWER OF ATTORNEY TO REQUEST AND RECEIVE FINANCIAL ACCOUNT INFORMATION AND DOCUMENTATION

**1. Appointment of Attorney-in-Fact.**    KNOW ALL MEN BY THESE PRESENTS, that I, Judith K. Rogan, residing at 476 Wexford Road, Valparaiso, Indiana 46385, make, constitute, and appoint O'Rourke Katten & Moody, an Illinois law partnership, located at 161 North Clark Street, Suite 2230, Chicago, Illinois 60601, to be my lawful Attorney-in-Fact for me and to do any and all acts listed herein.

**2. Enumeration of Attorney-in-Fact's Powers.**    The powers granted to my Attorney-in-Fact are:

    **a. Requesting Financial Account Information and Documentation from Principal's Financial Institutions.**   To request in any manner all documents and information related to, outlining, or otherwise having to do with Principal's financial accounts at the Principal's institution at which the request is submitted.

    **b. Receiving all Information and Documentation Requested from any of Principal's Financial Institutions.**   To demand all documents and information requested from Principal's financial institutions to be addressed and sent to Attorney-in-Fact's place of business.

**3. Duration.**  This Power of Attorney will remain in force until written notice of revocation is received by the Attorney-in-Fact.

    IN WITNESS WHEREOF, I have hereunto set my hand and seal the 5th day of September, 2007.

_____
Principal

_____
Attorney-in-Fact

_____
Acknowledgment