IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEXIA CREDIT LOCAL, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 02 C 8288 |
| PETER G. ROGAN, et al., | ) |
| Defendants. | ) |

### MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Intervenors Brian, Sara, and Robert Rogan have filed a motion to dismiss this action for lack of subject matter jurisdiction. Intervenor Judith Rogan has filed a nearly identical motion to dismiss. The Court issued a decision on January 29, 2009, preliminarily addressing certain issues raised by the motions and ordering supplemental briefing regarding the issues of jurisdiction and finality of the judgment entered by the judge to whom this case was originally assigned. *See Dexia Credit Local v. Rogan*, No. 02 C 8288, 2009 WL 230641 (N.D. Ill. Jan. 29, 2009).

For the reasons set forth below, the Court denies both motions to dismiss.

### Facts[1]

Dexia Credit Local, a French corporation, sued Peter Rogan, Braddock Management, L.P. (Braddock), Bainbridge Management, L.P. (Bainbridge L.P.),

---

[1]The Court presumes general familiarity with the factual background set forth in its earlier opinions in this matter. *See Dexia Credit Local*, 2009 WL 230641*; Dexia Credit Local v. Rogan*, No. 02 C 8288, 2008 WL 4855416 (N.D. Ill. Nov. 10, 2008); *Dexia Credit Local v. Rogan*, No. 02 C 8288, 2008 WL 4543013 (N.D. Ill. Oct. 9, 2008).

Bainbridge Management, Inc. (Bainbridge, Inc.), and others for fraud, conspiracy, and other torts. Dexia alleged diversity as the sole basis for subject matter jurisdiction in federal court pursuant to 28 U.S.C. § 1332. It alleged that Bainbridge, L.P. was an Illinois limited partnership; Dexia made no allegations, however, concerning the citizenship of Bainbridge, L.P.'s partners. Similarly, Dexia made no allegations concerning the citizenship or identity of defendant Braddock Management, L.P.'s partners. Rather, Dexia alleged only that Braddock Management, L.P. was a California limited partnership.

When the case was filed, it was assigned to another judge of this Court. As best as the Court can determine, neither that judge nor any of the defendants challenged or made any inquiry about the adequacy of Dexia's citizenship allegations. In March 2003, the case was reassigned to a different judge of this Court. That judge likewise appears to have made no inquiry regarding the adequacy of the citizenship allegations.

In September 2005, Bainbridge, L.P. filed for bankruptcy under Chapter 7 of the Bankruptcy Code. As a result of the automatic stay provision of the Bankruptcy Code, Dexia was prevented from pursuing its claims against Bainbridge, L.P. in this case. The docket, however, does not reflect entry of a stay order in this case. Bainbridge, L.P. was later liquidated.

In May 2007, the judge to whom the present case was then assigned entered a default judgment in Dexia's favor against Peter Rogan, Braddock Management, L.P., and Bainbridge, Inc. in an amount in excess of $124 million. Dexia's motion for a default judgment noted that "[b]ecause Bainbridge Management LP ('Bainbridge LP') is in bankruptcy, the automatic stay currently prevents Dexia from seeking entry of default

and a default judgment against that entity." Pl. Mot. for Entry of Default & for Default Judg. Against Defs. at 2 n.1 (docket no. 318).

The orders entering judgment in May 2007 said that "final judgment" was being entered. The judge did not, however, make any findings pursuant to Federal Rule of Civil Procedure 54(b), even though he was entering judgment as to less than all defendants. See docket nos. 330, 331. The judge never entered a judgment or other disposition with respect to Bainbridge, L.P.

In March 2008, the case was reassigned to yet another judge, due to the resignation of the previously-assigned judge. That same month, Dexia moved to reassign the case to this Court, before whom a related, later-filed, still-open case was pending (*United States v. Peter Rogan, et al.*, Case No. 07 C 6398). This Court and the other judge agreed to the reassignment of the present case to this Court, pursuant to Internal Operating Procedure 13(d).

Following the reassignment of the present case, this Court did not make any inquiry into subject matter jurisdiction, assuming that because the case was in a post-judgment phase, jurisdictional issues had been dealt with. As the Court has acknowledged, that was a serious mistake. See *Dexia Credit Local*, 2009 WL 230641 at *2.

Dexia subsequently pursued supplementary proceedings before this Court to satisfy its judgment. Those proceedings included, among other things, obtaining temporary restraining orders freezing assets that Dexia contended Peter Rogan had transferred to avoid collection or that were held by persons claimed to be his alter egos. Brian, Sara, and Robert Rogan (Peter Rogan's adult children) and Judith Rogan (his

wife) then intervened to oppose the freeze orders. The Court ultimately entered preliminary injunctions that had the effect of extending the freeze orders in large part.

Dexia has moved for orders to turn over certain of the frozen assets. The Court has set for hearing at least one of those motions, concerning assets in which the Rogan children claim an interest. Discovery is currently proceeding.

During the supplementary collection proceedings, which have included at least a dozen significant court appearances, numerous filings by the Rogans, and evidentiary hearings, none of the Rogans (or anyone else) contested the existence of diversity jurisdiction. On January 15, 2009, however, the Rogan children and Judith Rogan filed separate motions to dismiss. In those motions, they argued that Bainbridge, L.P.'s partners included a Belizean corporation, Boulevard Investors, Ltd. As a result, the Rogans argued, diversity jurisdiction is lacking because there are foreign (non-United States) parties on both sides of the case. *See, e.g., Karazanos v. Madison Two Assoc.*, 147 F.3d 624, 627 (7th Cir. 1998). Though this contention came rather late in the day – to say the least – defects in subject matter jurisdiction are typically non-waivable. *See, e.g., State of Wisconsin v. Ho-Chunk Nation*, 463 F.3d 655, 661 (7th Cir. 2006). The Court set the motions for expedited briefing.

During the Court's consideration of the parties' briefs, the Court perceived a problem, not mentioned by the parties, concerning the finality of the May 2007 judgment entered by the judge then presiding over this case. *See Dexia Credit Local*, 2009 WL 230641, at *5. That, in turn, led the Court to question the validity of the preliminary injunctions and freeze orders that it had entered as part of supplementary enforcement proceedings. *Id.* The Court ordered the parties to submit supplemental

4

briefs on an expedited basis addressing these issues.

The Court also ordered Dexia to specify the citizenship of a second defendant, Braddock. Dexia did not describe Braddock's citizenship in its complaint. It is now undisputed that one of Braddock's partners was the same Belizean entity that was a partner in Bainbridge, L.P. Braddock's presence in the case thus presents the same jurisdictional problem as the presence of Bainbridge, L.P.

**Discussion**

Dexia concedes that despite his intentions to the contrary, the judge presiding over this case in May 2007 did not enter a judgment that was truly final, because the judgment did not deal with all of the parties to the case. There is also no dispute that the presence of two of defendants, Braddock and Bainbridge, L.P., destroys complete diversity of citizenship. Dexia, however, proposes a mechanism that it contends will resolve the diversity issue and correct the finality defect in the judgment, namely, dismissing the two non-diverse defendants pursuant to Federal Rule of Civil Procedure 21.

**1. Subject matter jurisdiction**

Ironically, and despite the Rogans' contention to the contrary, the fact that the May 2007 judgment was not final removes their strongest objection to using Rule 21 to save diversity jurisdiction in this case. The Rogans contend that this Court lacks jurisdiction to dismiss parties pursuant to Rule 21 because the case has moved on to the post-judgment stage. The fact that a final judgment does not exist undermines that contention, because without a final judgment, no final act occurred that, as the Rogan

contend, might deprive this Court of the ability to dismiss unnecessary parties.[2] Rather than being confined to supplementary proceedings, this case remains before the Court for all purposes – assuming that subject matter jurisdiction can be saved. With respect to that issue, courts always have jurisdiction to, at the very least, determine their own jurisdiction. *E.g.*, *Ceta v. Mukasey*, 535 F.3d 639, 646 (7th Cir. 2008).

The Supreme Court has squarely held that a court may use Rule 21 to dismiss a dispensable, non-diverse party in order to save diversity jurisdiction. *E.g.*, *Newman-Green, Inc. v. Alfonzo Larrain*, 490 U.S. 826, 832-33 (1989); *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1271 (7th Cir. 1996); *Wire v. Hussman*, No. 03 C 5389, 2004 WL 723845, at *3-4 (N.D. Ill. Mar. 31, 2004); 7 Charles A. Wright, Arthur R. Miller, & Mary K. Kane, *Federal Practice & Procedure* § 1685 (3d ed. 2001) ("Courts frequently employ Rule 21 to preserve diversity jurisdiction over a case by dropping a non-diverse party if the party's presence in the action is not required under Rule 19."). Indeed, the Supreme Court has made it clear that this may be done even after a court has entered judgment. *Newman-Green, Inc.*, 490 U.S. at 832-33. Thus the Court may dismiss Bainbridge, L.P. and Braddock to preserve diversity jurisdiction, so long as they are not indispensable parties under Rule 19.

The first step in determining whether either of these entities is indispensable

---

[2]The Rogans also contend that this Court lacks jurisdiction because Judith Rogan has appealed the entry of the preliminary injunctions to the Seventh Circuit. "Although filing of a timely notice of appeal in the district court normally divests that court of further jurisdiction, an appeal from an interlocutory order granting or denying preliminary injunctive relief does not strip the district court of jurisdiction to proceed with the action on the merits." *Thomas v. Bd. of Ed. of Granville Cent. Sch. Dist.*, 607 F.2d 1043, 1047 n.7 (2d Cir. 1979). This Court retains jurisdiction over the merits of this action.

under Rule 19 is to analyze whether the criteria of Rule 19(a) are met. *N. Shore Gas Co. v. Salomon Inc.*, 152 F.3d 642, 647 (7th Cir. 1998). The Court must determine:

> (1) if in the [party's] absence, complete relief cannot be accorded among those who are already parties; or (2) if the [party] claims an interest relating to the subject of the action and is so situated that disposition of the action in its absence may (i) impair or impede its ability to protect that interest, or (ii) leave any of the persons already joined subject to a substantial risk of incurring multiple or otherwise inconsistent obligations.

*Id.* at 647-48 (citation omitted) (concluding that putative defendant was not a necessary party because it had ceased operations and had no funds, and its interests mirrored those of the existing defendant). If either Bainbridge, L.P. or Braddock is a necessary party, the Court must go on to determine whether it is also indispensable. "A party is 'indispensable' only if the court finds . . . that the action cannot proceed in its absence." *Id.* at 648.

In its January 29, 2009 opinion, the Court concluded that Bainbridge, L.P. is not a necessary party, much less an indispensable party, pursuant to Rule 19. *Dexia Credit Local*, 2009 WL 230641, at *4. The Rogans have not contested that conclusion in their supplemental brief.

The Rogans contend, however, that Braddock is an indispensable party that cannot be dismissed pursuant to Rule 21. The Court disagrees. The undisputed facts demonstrate that Braddock is neither indispensable nor necessary. First, the Rogans argue that Braddock's rights will be impacted by this litigation. This is not the case. A bankruptcy court judge in related proceedings has noted that Braddock was dissolved in November 2004. *In re Edgewater Med. Ctr.*, 344 B.R. 864, 866 n.1 (Bankr. N.D. Ill. 2006). Because Braddock was dissolved several years ago, it is hard to discern what

7

interests it has that could be impacted by a judgment. Indeed, to the extent Braddock arguably has any interest in the outcome of this litigation, those interests will be served, not harmed, if the Court dismisses the claims against it with prejudice, because it will no longer face a nine-figure judgment. *See Newman-Green, Inc.*, 490 U.S. at 838 (concluding that party dismissed pursuant to Rule 21 was not prejudiced when dismissal was made with prejudice).

The Rogans also contend that Braddock is a necessary party due to the nature of the claims in Dexia's complaint. The Rogans focus on the conspiracy claims. They are correct that a conspiracy requires more than one person and that Braddock is part of the conspiracy alleged by Dexia. Neither of these points, however, is material. First, even if Braddock is dismissed, two defendants will remain – Peter Rogan and Bainbridge, Inc. Second, a person or entity can be part of a conspiracy even if the plaintiff chooses to sue only the conspiracy's other members. There is no requirement that a plaintiff sue every member of an alleged conspiracy; the plaintiff can choose which members to bring to court.

Similarly, *Caribbean Telecomm. Ltd. v. Guyana Tel. & Tel. Co.*, --- F. Supp. 2d ---, 2009 WL 205360 (D.N.J. Jan. 26, 2009), and *Schweyer Import-Schnittholz GMBH v. Genesis Capital Fund, L.P.*, 220 F.R.D. 582 (S.D. Iowa 2004), which the Rogans cite, are inapposite. In those cases, the courts refused to dismiss parties whose presence destroyed diversity, because the plaintiffs were seeking impose alter ego liability for breach of contract without joining the actual contracting parties as defendants. *Caribbean Telecomm. Ltd.*, 2009 WL 205360, at *9; *Schweyer*, 220 F.R.D. at 587-93. In the current case, the claims and judgment against Peter Rogan and Bainbridge, Inc.

are not dependent in the same way on Braddock's liability. Though the second amended complaint contains allegations that Braddock was Peter Rogan's alter ego, it asserts a number of claims against Rogan and Bainbridge, Inc. that are not dependent on the claims against Braddock, including claims for fraudulent inducement, fraudulent concealment, conversion, and tortious interference. In addition, Dexia's motion for default sought judgment against Peter Rogan and Bainbridge, Inc. for their own actions, not solely for alter ego liability based on Braddock's actions. In short, it is possible to enter judgment against Peter Rogan and Bainbridge, Inc. without any findings concerning whether Braddock was an alter ego. This is precisely what the prior judge did when he granted Dexia's motion for default judgment.[3]

Moreover, there is no risk to Bainbridge, Inc. or Peter Rogan of incurring multiple judgments in the event that Braddock is dismissed. The May 2007 judgment provides a monetary award in Dexia's favor against all defendants jointly. Dismissing Braddock will not subject Bainbridge, Inc. and Peter Rogan to greater liability. Rather, they will owe the same amount to Dexia regardless of whether other defendants are also responsible for the judgment. *See Newman-Green, Inc.*, 490 U.S. at 838 (concluding party was not indispensable where judgment held the other defendants jointly and severally liable). This also undermines the Rogans' contention that Braddock is necessary because it was included in the May 2007 judgment. In light of all these circumstances, Braddock is not a necessary party under Rule 19.

Even were Bainbridge, L.P. a necessary party under Rule 19(a), it still would not

---

[3]That motion sought judgment on all claims against Peter Rogan, not just claims based on alter ego liability.

be an indispensable party under Rule 19(b). This involves determining "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). The judge who entered the judgment found, in that judgment, that Bainbridge, Inc. was the alter ego of Peter Rogan, *see* docket nos. 330 & 331, and a bankruptcy court judge found that Bainbridge, Inc. was the sole general partner of Braddock and as such was liable for the Braddock's debts. *See Edgewater Med. Ctr. v. Rogan (In re Edgewater Med. Ctr.)*, 332 B.R. 166, 170, 178-79 (Bankr. N.D. Ill. 2005). Under these circumstances, equity and good conscience do not require that Braddock remain a party to this litigation.

Because neither Bainbridge, L.P. nor Braddock are indispensable parties, the Court dismisses them from this action pursuant to Rule 21. The Court also finds, based on the dismissal of Bainbridge, L.P. and Braddock, that subject matter jurisdiction exists based on complete diversity of citizenship.

**2.     Finality of the judgment**

Now that Braddock and Bainbridge, L.P. have been dismissed pursuant to Rule 21, thereby saving subject matter jurisdiction, the Court must consider the effect of those dismissals on the finality of the judgment entered in May 2007. The dismissal pursuant to Rule 21 operates retroactively to the filing of the complaint. *See SCS Comm., Inc. v. The Herrick Co.*, 360 F.3d 329, 335 (2d Cir. 2004) (noting that Rule 21 can be used to correct jurisdictional defects *nunc pro tunc*); *Newman-Green, Inc. v. Alfonzo-Larrain*, 854 F.2d 916, 930-932 (7th Cir. 1988) (en banc) (Easterbrook, J., dissenting), *rev'd*, 490 U.S. 826 (1989); *Wire v. Hussman*, No. 03 C 5389, 2004 WL 723845, at *3 (N.D. Ill. Mar. 31, 2004) ("This power to dismiss a nondiverse party cures

10

the jurisdictional defect of minimal diversity at the time the complaint was filed."). As the district judge in *Newman-Green* stated following remand from the Supreme Court and the Seventh Circuit, the defendants left in the case

> must be treated as *always* having been within federal jurisdiction by reason of the dismissal of [the diversity destroying defendants,] not as having been a nullity from the outset and continuing nullity running through the time of the Judgment and thereafter, only to be raised from the dead like Lazarus when [the diversity destroying defendants were] ultimately dismissed.

*Newman-Green, Inc. v. Alfonzo-Larrain*, 734 F. Supp. 1470, 1473 (N.D. Ill. 1990) (emphasis in original). Relying on this principle, the district judge in *Newman-Green* concluded, correctly in this Court's view, that dismissal of the dispensable, non-diverse party retroactively validated acts occurring before the dismissal. *Id.*

In the current case, the prior judge entered, in May 2007, what was then a non-final judgment against Peter Rogan and others. Even though there was no federal subject matter jurisdiction at the time due to the absence of compete diversity, that jurisdictional defect has now been corrected by dismissing Bainbridge, L.P. and Braddock pursuant to Rule 21. That dismissal is retroactive to the time Dexia originally filed its complaint. In the words of the district judge on remand in *Newman-Green*, Dexia "initially obtained a valid judgment entered by a court that – given the teaching of the Supreme Court – did have subject matter jurisdiction (though that result came about by reason of later validation)." *Id.* at 1474.

In summary, the judgment against Peter Rogan and Bainbridge, Inc. is a final judgment due to the retroactive effect of the Rule 21 dismissals. Jurisdictional propriety and finality of the May 2007 judgment having been established, the Rogans no longer

have a basis for challenging the current supplementary proceedings on jurisdictional or non-finality grounds.

There is, arguably, a metaphysical question regarding how a court can (a) dismiss diversity-destroying parties in 2009 because an earlier order entered in May 2007 was not final, (b) which in turn cures a defect going back to 2002, (c) thereby rendering the May 2007 judgment jurisdictionally valid and retroactively final, even though the act transforming it into a final judgment occurred over eighteen months later. That sort of contention, however, is the type of argument the Supreme Court expressly warned against in *Newman-Green*:

> If the entire suit were dismissed, Newman-Green would simply refile in the District Court against the [defendants remaining after the Rule 21 dismissal] and submit the discovery materials already in hand. The case would then proceed to a preordained judgment . . . . Newman-Green should not be compelled to jump through these judicial hoops merely for the sake of hypertechnical jurisdictional purity.

*Newman-Green, Inc.*, 490 U.S. at 837 (citing *Newman-Green, Inc.*, 854 F.2d at 932, 939-40 (Easterbrook, J., dissenting)).

## Conclusion

For the reasons set forth above, the Court dismisses defendants Bainbridge, Management, L.P. and Braddock Management, L.P. with prejudice pursuant to Federal Rule of Civil Procedure 21 and denies Brian, Robert, and Sara Rogan's motion to dismiss [docket no. 784] and Judith Rogan's motion to dismiss [docket no. 786].

Date: February 9, 2009

                                               MATTHEW F. KENNELLY
                                               United States District Judge