# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DEXIA CREDIT LOCAL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 02 C 8288 |
| PETER G. ROGAN, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

As part of supplementary proceedings to enforce a judgment Peter Rogan, Dexia Credit Local (Dexia) has filed a motion requesting turnover of certain assets. Intervenors Brian, Sara, and Robert Rogan oppose that motion. They have filed jury demands with respect to Dexia's claims. Dexia objects to those jury demands, contending that the Rogans have no right to a jury trial. The parties have submitted briefs and presented oral argument on this issue. This decision memorializes the basis for the Court's oral ruling on February 26, 2009.

## Background[1]

Dexia sued Peter Rogan and others for fraud, conspiracy, and other torts. It eventually obtained a judgment against Peter Rogan in excess of $124 million. Dexia

---

[1] The Court presumes general familiarity with the factual background set forth in its earlier opinions in this matter. *See Dexia Credit Local v. Rogan*, No. 02 C 8288, 2008 WL 4855416 (N.D. Ill. Nov. 10, 2008); *Dexia Credit Local v. Rogan*, No. 02 C 8288, 2008 WL 4543013 (N.D. Ill. Oct. 9, 2008).

subsequently pursued supplementary proceedings before this Court to satisfy its judgment. This Court entered temporary restraining orders freezing various assets that, Dexia contends belong to, or were fraudulently transferred by, Peter Rogan. Brian, Sara, and Robert Rogan (Peter Rogan's adult children) and Judith Rogan (his wife) then intervened to oppose the freeze orders. The Court ultimately entered preliminary injunctions that had the effect of extending the freeze orders in large part.

On December 8, 2008, Dexia filed, pursuant to the Court's instruction, a renewed motion for turnover pertaining to the assets in which the Rogan children claimed an interest. That motion was addressed to four categories of assets: those held by (1) the Peter G. Rogan Irrevocable Trust; (2) the RPP Finance Trust; and (3) various trusts domiciled in Florida and Belize that Peter Rogan created in the names of each of his children; and (4) assets the Rogan children received from those trusts.

## Discussion

**1.    Robert Rogan**

In federal court, a party must make a jury demand, to the extent the party is entitled to a trial by jury, with respect to any issue "no later than 10 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b). In post-judgment proceedings seeking a turnover order, this means that a party asserting a right to a jury must file a jury demand within ten days of being served with the motion for turnover. *See Lawyers Title Ins. Corp. v. Dearborn Title Corp.*, No. 04 C 3277, 1998 WL 801781, at *1 (N.D. Ill. Nov. 12, 1998).

Dexia filed its renewed motion seeking turnover on December 8, 2008, and

Robert Rogan's counsel received the motion electronically on or about that same date. He did not file his jury demand until February 25, 2009, long after the ten-day period for doing so had passed. Accordingly, Robert Rogan has forfeited his claim to a jury trial in these proceedings.

**2.     Sara and Brian Rogan**

   **a.     Federal or state law**

The Rogans contend that Illinois law controls whether they are entitled to a jury trial. Dexia maintains that federal law controls but that in any event, Illinois and federal law lead to the same conclusion.

Federal Rule of Civil Procedure 69(a) provides that "[t]he procedure on execution [of a money judgment]—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located . . . ." Fed. R. Civ. P. 69(a)(1). This does not mean that state law replaces federal procedure wholesale during supplementary proceedings. *See Resolution Trust Corp. v. Ruggiero*, 994 F.2d 1221, 1226 (7th Cir. 1993) (Rule 69(a) not intended "to borrow the *entire* procedural law of the state, so that in supplementary proceedings in federal district court in Illinois the judge would apply the Illinois rules of civil procedure and of evidence rather than the counterpart federal rules") (emphasis in original); *see also Int'l Fin. Servs. Corp. v. Chromas Techs. Canada, Inc.*, 356 F.3d 731, 735 (7th Cir. 2004) ("Even where . . . a district court is applying the substantive law of a state, federal procedural law controls the question of whether there is a right to a jury trial."); *Mission Bay Campland, Inc. v. Sumner Fin. Corp.*, 72 F.R.D. 464, 466-67 (M.D. Fla. 1976) (federal

law controls the right to a jury trial in supplementary proceedings pursuant to Rule 69(a)). The Rogans have not presented any authority that the right to a jury trial in federal court is controlled by state law, whether in supplementary proceedings or otherwise. Thus the Court will consult federal law to determine whether the Rogans are entitled to a jury trial in these proceedings.

Even if Illinois law applies, the analysis does not change. As detailed below, whether a party is entitled under federal law to a jury trial in supplementary proceedings depends on the type of relief sought by the plaintiff, namely whether it seeks equitable or legal relief. The Illinois statute addressing supplementary proceedings refers to Illinois' garnishment statute for the procedure in situations in which a person claims an interest in the property a judgment creditor seeks to obtain. *See* 735 ILCS 5/2-1402(g). The garnishment statute in turn provides that trials "shall be conducted as in other civil cases." 735 ILCS 5/12-711(c). Nothing in either of these statutes requires a jury trial. Rather, trials shall be conducted as in other civil cases. Under Illinois law, like federal law, the type of relief sought determines whether a party is entitled to a jury trial in a civil case.[2] *See e.g.*, *Morris B. Chapman & Assocs., Ltd. v. Kitzman*, 307 Ill. App. 3d 92, 106, 716 N.E.2d 829, 842 (1999) (no right to a jury trial where equitable relief is sought). The cases the Rogans cite are inapposite. Those cases merely refer to the use of juries in particular supplemental proceedings without any analysis of whether the

---

[2]At oral argument, the Rogans made reference, for the first time, to another Illinois statute, 735 ILCS 5/12-202. That statute states a "trial shall proceeding . . . in the same manner as in other civil cases, and may be by a jury if either party demands one." *Id.* Assuming this statute applies (which is by no means clear), its language leads to the same conclusion – the right to a jury trial is the same as in other civil cases and thus depends on the nature of the relief sought.

law required a jury or of the relief sought in those proceedings. The right to a jury trial does not appear to have been contested in any of those cases.

### b. Nature of the relief Dexia seeks

Federal Rule of Civil Procedure 38 provides for a jury trial when a party is entitled to one under an applicable statute or the Seventh Amendment to the United States Constitution. Fed. R. Civ. P. 38(a). Under the Seventh Amendment, "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved. U.S. Const. amend. VII.

The Supreme Court has "consistently interpreted the phrase 'Suits at common law' to refer to suits in which *legal* rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989) (internal quotation omitted) (emphasis in original). To determine whether an action is legal or equitable in nature, courts first compare the action to those brought "'prior to the merger of courts of law and equity,'" and then "'examine the remedy sought and determine whether it is legal or equitable in nature.'" *Id.* at 42 (quoting *Tull v. United States*, 481 U.S. 412, 417-18 (1987)). "The second stage of this analysis is more important than the first." *Id.*

In *Granfinanciera*, the Supreme Court quoted at length from a treatise regarding the difference between equitable and legal remedies:

> "[W]hether the trustee's suit should be at law or in equity is to be judged by the same standards that are applied to any other owner of property which is wrongfully withheld. If the subject matter is a chattel, and is still in the grantee's possession, an action in trover or replevin would be the

5

> trustee's remedy; and if the fraudulent transfer was of cash, the trustee's action would be for money had and received. Such actions at law are as available to the trustee to-day as they were in the English courts of long ago. If, on the other hand, the subject matter is land or an intangible, or the trustee needs equitable aid for an accounting or the like, he may invoke the equitable process, and that also is beyond dispute."

*Id.* at 44 (quoting 1 G. Glenn, *Fraudulent Conveyances & Preferences* § 98 at 183-84 (rev. ed. 1940)). Acknowledging that there is no hard-line test for determining whether a remedy is equitable or legal, the Seventh Circuit has provided useful guidance in this regard:

> It is possible, nonetheless, to draw general distinctions between the two forms of relief. Legal remedies traditionally involve money damages. Equitable remedies, by contrast, are typically coercive, and are enforceable directly on the person or thing to which they are directed. Traditionally, equitable relief is discretionary, whereas legal relief is not.

*Int'l Fin. Servs. Corp.*, 356 F.3d at 736 (internal citations and quotations omitted).

In this case, Dexia seeks turnover of two categories of assets. The first are assets contained in the various trusts. Dexia contends that the assets in those trusts are in fact the assets of Peter Rogan, against whom Dexia has a judgment, and should be used to satisfy that judgment. The Rogan children are the putative beneficiaries of those trusts. As such, their interests in the trusts are intangible assets. Dexia is attempting to terminate the children's intangible interests and obtain a turnover of the assets of the trusts, which are held not by the children, but by the trustees of the trusts. Under the guidance provided by *Granfinanciera* and *International Financial Services*, it is clear that the children are not entitled to have a jury determine whether Dexia is entitled to the relief it seeks concerning the trusts. Among other reasons, Dexia is not seeking a monetary award from any of the Rogan children. Additionally, the Seventh

6

Circuit has noted that a court order to turn over property during proceedings under Rule 69(a) "was an order in the nature of specific performance," which is an equitable remedy. *See Ruggiero*, 994 F.2d at 1225 (affirming district court order requiring judgment debtor's wife to turn over real estate to judgment creditor and imposing a resulting trust on the same property); *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 299 F.3d 643, 648 (7th Cir. 2002) (holding that specific performance is an equitable remedy).

The second category of assets that Dexia seeks to have turned over includes assets in the Rogan children's personal bank and securities accounts, which Dexia claims were transferred from the various trusts. Unlike the relief with respect to the trusts, this involves turning over to Dexia assets in which the Rogan children have a direct, tangible interest. Though the question is not free from doubt, what Dexia seeks in this regard is somewhat akin to a money judgment against the children, which would be a legal remedy. *See Granfinanciera*, 492 U.S. at 44; *Int'l Fin. Servs. Corp.*, 356 F.3d at 736. The Court concludes that Brian and Sara Rogan (who made jury demands in a timely fashion) are entitled to a jury trial with respect to Dexia's claim to recover the assets in their personal accounts.

## Conclusion

For the reasons set forth above, the Court strikes Robert Rogan's jury demand. The Court also strikes Brian and Sara Rogan's jury demand with respect to Dexia's request for turnover of the assets of the RPP Finance Trust, the Peter G. Rogan Irrevocable Trust, and the trusts domiciled in Florida and Belize that Peter Rogan

7

created in the names of each of his children. Brian and Sara Rogan are entitled to a jury trial with respect to Dexia's attempt to recover transfers they received from the trusts.[3]

Date: March 2 , 2009

_____
MATTHEW F. KENNELLY
United States District Judge

---

[3] On February 27, 2009, the Court made a further oral ruling ordering a separate trial on the threshold issue of whether the trusts are Peter Rogan's alter egos, which Dexia and the Rogan Children agreed is a mater to be determined by the Court, not a jury. This decision is not intended to alter that oral ruling.