**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| DEXIA CREDIT LOCAL, f/k/a Dexia | ) | |
| Public Finance Bank and Credit Local de | ) | |
| France, | ) | Case No. 02 C 8288 |
| | ) | |
| Plaintiff, | ) | Judge Matthew F. Kennelly |
| | ) | |
| v. | ) | Magistrate Judge Sidney I. Schenkier |
| | ) | |
| PETER G. ROGAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**INTERVENORS' MOTION FOR
JUDGMENT AS A MATTER OF LAW**

Intervenors Robert C. Rogan, Brian P. Rogan and Sara C. Rogan, pursuant to Federal Rule 41 (b) of the Federal Rules of Civil Procedure, move this Court for judgment as a matter of law on Dexia's Motion of Turnover on the Intervenors' domestic and Belizean trusts. The grounds for this Motion are:

1. Dexia has failed to adduce evidence that any citation respondent in this cause has possession of assets of the judgment debtor, Peter Rogan, relative to the children's domestic or Belizean trusts. Dexia has failed to adduce evidence that Peter Rogan, citation respondent, is in possession of any of the assets of the domestic or Belizean trusts. Likewise, Dexia has failed to adduce evidence that the citation respondent, Judith Rogan, is in possession of assets of the domestic or Belizean trusts, which are the property of the judgment debtor, Peter Rogan. Finally, Dexia has adduced no evidence at this trial that Fred Cuppy, citation respondent, is in possession of assets of the domestic or Belizean trusts or that such assets are the property of Peter Rogan. Mr. Cuppy has been removed as trustee of the domestic trusts by order of the Court on October 10, 2008.

2.     The Illinois Statute, adopted pursuant to Rule 69 of the Federal Rules of Civil

Procedure, is found at 735 ILCS Section 5/2-1402:

> (a) A judgment creditor, or his or her successor in interest when that interest is made to appear of record, is entitled to prosecute supplementary proceedings for the purposes of examining the judgment debtor or any other person to discover assets or income of the debtor not exempt from the enforcement of the judgment, a deduction order or garnishment, and of compelling the application of non-exempt assets or income discovered toward the payment of the amount due under the judgment. A supplementary proceeding shall be commenced by the service of a citation issued by the clerk.

> * * *

> (c) When assets or income of the judgment debtor not exempt from the satisfaction of a judgment, a deduction order or garnishment are discovered, the court may, by appropriate order or judgment:

> * * *

> (3) Compel any person cited, other than the judgment debtor, to deliver up any assets so discovered, to be applied in satisfaction of the judgment, in whole or in part, when those assets are held under such circumstances that in an action by the judgment debtor he or she could recover them in specie or obtain a judgment for the proceeds or value thereof as for conversion or embezzlement.

3.     As the Court explained in *Schak v. Blom*, 334 Ill. App. 3d 129, 777 N.E. 2d 635

(1st Dist. 2002):

> Section 2-1402(a), the statute authorizing the citation action, provides a mechanism by which a judgment creditor may initiate supplementary proceedings to discover the assets of a judgment debtor or third party, and apply those assets to satisfy the judgment. 735 ILCS 5/2-1402(a) (West 1996); Ericksen v. Rush Presbyterian St. Luke's Medical Center, 289 Ill. App. 3d 159, 166, 682 N.E.2d 79, 84, 224 Ill. Dec. 518 (1997), rehearing denied, appeal denied, 174 Ill. 2d 559, 686 N.E.2d 1160 (1997). When the debtor has an interest in a land trust, a citation to discover assets validly served on both the trustee of the land trust and the judgment debtor creates a lien in any interest held by the judgment debtor in that land trust. In re Nowicki, 202 B.R. 729, 737 (N.D. Ill. 1996). Although the beneficiary of a trust retains certain limited powers, the trustee of a standard land trust [***8] retains sufficient control over the beneficial interest to direct its sale or transfer upon an order of the Court. In re Barone, 184 B.R. 747, 749 (N.D. Ill. 1995).

> These proceedings may be initiated only after the circuit court enters a judgment.

Ericksen, 289 Ill. App. 3d at 166, 682 N.E.2d at 84. Before a judgment creditor may proceed against a third party who is not the judgment debtor, the record must contain some evidence that the third party possesses assets of the judgment debtor. Only then does the citation court have the jurisdiction to order that party to produce those assets to satisfy the judgment. Ericksen, 289 Ill. App. 3d at 166, 682 N.E.2d at 84. If the third party possesses no assets of the judgment debtor, then the court has no authority to enter any judgment against the third party in a supplementary proceeding. Ericksen, 289 Ill. App. 3d at 167, 682 N.E.2d at 84.

Therefore, the only relevant inquiries in supplementary proceedings are (1) whether the judgment debtor is in possession of assets that should be applied to satisfy the judgment or (2) whether a third party is holding assets of the judgment debtor that should be applied to satisfy the judgment. Pyshos v. Heart-Land Development Co., 258 Ill. App. 3d 618, 623, 630 N.E.2d 1054, 1057, 196 Ill. Dec. 889 (1994). The provisions of section 2-1402 are to be liberally construed, and the burden lies with the petitioner to show that the citation respondent possesses assets belonging to the judgment creditor. Mid-American Elevator Co. v. Norcon, Inc., 287 Ill. App. 3d 582, 587, 679 N.E.2d 387, 390, 223 Ill. Dec. 202 (1996).

In order to proceed against a party who is not the judgment debtor in a supplementary proceeding, the record must contain some evidence showing that the third party possessed assets of the judgment debtor. Pyshos, 258 Ill. App. 3d at 623, 630 N.E.2d at 1057. Nothing in the Code authorizes the entry of a judgment at a supplementary proceeding against a third party who does not possess assets of the judgment debtor. Pyshos, 258 Ill. App. 3d at 623, 630 N.E.2d at 1057.  If the record does not establish that the third party possesses assets of the judgment debtor, the petition must be dismissed.

*Schak v. Blom*, 334 Ill. App. 3d 129, 332-33, 777 N.E. 2d 635 (1st Dist. 2002).  *See also*, *Mid-American Elevator Co. v. Norcon, Inc.*, 287 Ill. App. 3d 582, 587, 679 N.E. 2d 387, 390 (1st Dist. 1196); *Ericksen v. Rush- Presbyterian St. Luke's Medical Center*, 289 Ill. App. 3d 159, 682 N.E. 2d 79 (1st Dist. 1997).

4.      Based on the record, Dexia has not met its burden on this critical element of proof.  Dexia's Motion must be denied on the merits.

5.      In its pleadings, Dexia argues that the Court may impose a constructive trust on the corpus of Intervenors' trusts because they contain money received from the 1994 sale of

Edgewater Hospital and management fees that their father earned until he was relieved of duty in 2001. [ Docket #940, p. 4].

6.      During the trial on Dexia's motion for a turnover order, Dexia's corporate representative, John Flaherty, testified that when he was working on the bond financing in 1998, he was aware that the proceeds of the 1994 hospital sale went to Mr. Rogan and his children:

> Q       Okay?  [The] 41 million dollar bond issue in the original sale, you're familiar with that, right?
>
> A       Yes.
>
> Q       Okay.  And then the money—31 million of that was paid to Edgewater's shareholders, who are Rogan and his three children, right?
>
> A       Yes.
>
> Q       Okay.  And you were aware when you were looking at Dexia that Rogan had sold the hospital for 31 million and the money had gone to him and his children?  You're aware of that?
>
> A       I was aware it went to Peter Rogan.
>
> Q       And his children?
>
> A       Yes.

(Trans., pp. 189:22-190:9).

7.      Following this testimony, Dexia admitted in a brief that it was aware that the funds were transferred to Intervenors' trusts but argued that it was unaware of the fact that the funds were the fruits of a fraud upon the bondholders.  [Dkt. 1018, p. 4].

8.      By 2002, however, Dexia was plainly aware of the fraud since it filed this action in November of that year.  Thus, it is undisputed that by November 14, 2002, Dexia had accused Mr. Rogan of Medicare fraud and had actual knowledge that the proceeds of the 1994 sale of Edgewater Hospital went to Mr. Rogan and his children.

9.      Because Dexia had full knowledge of the facts giving rise to its fraud claim against Mr. Rogan when it filed this lawsuit, and because Dexia knew that at least some of the proceeds of the fraud went to Mr. Rogan's children in 1994, the statute of limitations began running on or before November 14, 2002.

10.      Because Illinois' five-year statute of limitations applies to claims seeking to impose a constructive trust, *Hagney v. Lopeman*, 147 Ill. 2d 458, 590 N.E.2d 466 (1992), Dexia was required to assert this claim no later than November 14, 2007.[1]  But, as noted above, Dexia waited until August 11, 2008.

11.      Turing to the merits of this motion, there is no basis for extending the five year statute on Dexia's constructive trust claim.  Although the statute may be tolled when a party proves that fraud prevented the discovery of the cause of action, *Hagney v. Lopeman*, 147 Ill. 2d 458, 462, 590 N.E.2d 466, 468-69 (1992), Mr. Flaherty testified that Dexia had all the information it needed to impose a constructive trust in 2002.

12.      In ruling on Intervenors' motion for summary judgment, the Court held that "Rule 69(a) invokes Illinois procedural law with respect to the enforcement of judgments" and "Illinois imposes a seven-year limitation period on enforcement of judgments."  [909, p. 19].

13.      Intervenors do not dispute this point but respectfully disagree that the limitation period governing the enforcement of judgments has any bearing on when a party may assert a claim to impose a constructive trust on a non-party.

14.      First, Illinois' actual limitation period for the enforcement of judgments is 27 years because a judgment may be revived "within 20 years after its entry."  735 ILCS 5/2-

---

[1]      In diversity actions, the statute of limitations of the forum state is controlling.  *Walker v. Armco Steel Corp*., 446 U.S. 740 (1979).

1602(a). Thus, if a judgment is revived near its twentieth anniversary and may be enforced within the next seven years, the total limitations period is 27 years.

15.     As with other states, Illinois has an interest in protecting against the spoliation of evidence and affording its citizens repose from potential claims, which is why its legislature has devised varying limitations periods for varying kinds of substantive claims. It would be an odd rule that would extend Illinois' varying limitations periods to a whopping 27 years just because a party asserted its claim within a supplementary proceeding instead of a separate action.

16.     Moreover, to the extent that Rule 69 could be construed as enlarging Illinois' generally applicable statutes of limitations, it would violate federal law by enlarging a substantive state law right. *See*, 28 U.S.C. § 2072(b).

17.     Because Dexia has failed to meet its burden on its prima facie case on this turnover proceeding, Dexia's Motion in its entirety should be denied and involuntarily dismissed as a matter of law. As presented elsewhere, Dexia's alter ego claims must be dismissed based on the recent Seventh Circuit holding in *Star v. Risk Marketing Group, Inc.*, 561 F. 3d 656 (7th Cir. 2009). Finally, Dexia's constructive trust claim is barred by Illinois' five year statute of limitations, and for this reason as well the Court should enter judgment as a matter of law for Intervenors and against Dexia.

Dated: June 2, 2009                    Respectfully submitted,

                                       BRIAN P. ROGAN and ROBERT C. ROGAN,
                                       Intervenors


                                       By:     /s/ Michael J. O'Rourke
                                               One of Their Attorneys

                                       Michael J. O'Rourke
                                       Myles P. O'Rourke
                                       O'ROURKE & MOODY

55 West Wacker Drive
Suite 1400
Chicago, Illinois 60601
(312) 849-2020

SARA C. ROGAN and ROBERT C. ROGAN,
Intervenors

By:   <u>/s/ Jeffrey J. Halldin</u>
      One of Their Attorneys

      Timothy J. Touhy
      Jeffrey J. Halldin
      TOUHY, TOUHY, BUEHLER & WILLIAMS, LLP
      55 West Wacker Drive
      Suite 1400
      Chicago, Illinois 60601
      (312) 372-2209

## SERVICE OF DOCUMENTS BY ELECTRONIC MEANS

The undersigned hereby certifies that on June 2, 2009, he caused the foregoing document to be filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, by using its Electronic Case Filing System which will send a Notice of Electronic Filing to the following Filing Users:

| | |
|---|---|
| **Abigail Lynn Peluso** | **Jeffrey J. Halldin** |
| **Andrew Neal Levine** | **John Michael Touhy** |
| **Brian Michael Dougherty** | **Joseph A. Stewart** |
| **Camille E. Bennett** | **Joseph Andrew Spiegler** |
| **Chad W. Riley** | **Limo T. Cherian** |
| **Cornelius Moore Murphy** | **Michael J. O'Rourke** |
| **Debra L Bogo-Ernst** | **Mitchell Bruce Katten** |
| **Douglas Alan Albritton** | **Monika Maria Blacha** |
| **Erin E Krejci** | **Myles Patrick ORourke** |
| **Ethan Lasher Crooks** | **Neil E. Holmen** |
| **Gabriel Aizenberg** | **Phillip Stewart Reed** |
| **Harold C. Hirshman** | **Scott T. Mendeloff** |
| **Hillary Paige Krantz** | **Sean Patrick Dailey** |
| **Howard Michael Pearl** | **Timothy J. Touhy** |
| **Jason L. Rubin** | **Vincent J. Connelly** |
| **Jeffery S Davis** | |

The undersigned also certifies that on the above date he caused the foregoing document to be mailed by United States Postal Service to the following non-Filing Users:

(Not Applicable)

/s/      Jeffrey J. Halldin
TOUHY, TOUHY, BUEHLER & WILLIAMS, LLP
55 West Wacker Drive
Suite 1400
Chicago, Illinois 60601
Phone: (312) 372-2209
Fax:     (312) 456-3838
Email: jhalldin@touhylaw.com