IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEXIA CRÉDIT LOCAL, ) | |
| ) | |
| Plaintiff, ) | Case No. 02 C 8288 |
| ) | |
| v. ) | Judge Matthew F. Kennelly |
| ) | Magistrate Judge Sidney I. Schenkier |
| PETER ROGAN et al., ) | |
| ) | |
| Defendants, ) | |
| ) | |

**MOTION FOR ENTRY OF FINAL JUDGMENT WITH RESPECT TO THE
INTERESTS OF PETER G. ROGAN AND THE ROGAN CHILDREN
IN THE PETER G. ROGAN IRREVOCABLE TRUST**

Plaintiff Dexia Crédit Local ("Dexia"), by and through its counsel, moves this honorable Court for the entry of a final judgment with respect to the interests of Peter G. Rogan ("Rogan") and the Rogan Children in the Peter G. Rogan Irrevocable Trust ("PGR Bahamas Trust"). In support of this motion, Dexia states as follows:

1. **Dexia Served Rogan with Original TRO, PI and Turnover Motion.** On or about September 15, 2008, Dexia served Rogan with the Motion for TRO, Preliminary Injunction ("PI") and Turnover and with the other pleadings pertinent to that, *e.g.*, Statement of Facts, Memoranda of Law Nos. 1-3. Dexia did so via hand delivery to his Canadian counsel, Ms. Wellburn. (Ex. A)

2. On September 26, 2008, Dexia served Rogan with the PIs directed at Rogan, the PGR Bahamas Trust, the RPP Finance Trust, and the Children's Trusts by causing these PIs to be hand-delivered to Rogan's apartment in Vancouver, Canada. (Ex. B)

1

3. **Dexia Served Rogan with Other Pertinent Pleadings.** Since the initiation of this turnover proceeding, Dexia has continued to serve Rogan with the various motions and briefs it has filed in this case by U.S. Mail. This is evidenced by the certificates of service attached to these filings. (*See, e.g.*, Dckt. Nos. 855-858, 895, 900, 905-906, 1059, 1068, and 1086.)

4. Dexia also has served Rogan with certain filings by hand delivery to his Vancouver apartment and hand delivery and/or email to his Canadian counsel, Ms. Wellburn. (Dckt. No. 695, 696; Exs. C, D)

5. In addition, Dexia there is evidence that Rogan has received and has been monitoring these post-judgment proceedings. First, as this Court noted in its July 7th opinion, Rogan "Canadian counsel attempted to file a brief in opposition to an earlier motion by Dexia regarding the crime-fraud exception to the attorney-client privilege." (July 7, 2009 Opinion at 4; Dckt. No. 788) This shows that Rogan received Dexia's crime-fraud motion. Second, Rogan recently sent a letter to Eugene Crane, the Court-appointed Receiver for the Bahamian assets of the PGR Bahamas Trust and RPP Trust in which Rogan states his "understanding" that Mr. Crane is the Receiver. (Ex. E) This letter shows Rogan's knowledge of and awareness of the Receivership. Third, in mid-December 2008, in connection with Dexia's lawsuit against Rogan in the Supreme Court of British Columbia, Rogan submitted to Dexia a "List of Documents of the Defendant Peter G. Rogan." (Ex. F) This list identifies in Schedule A the documents he claims to possess that are relevant to Dexia's claims and which he is willing to produce. Schedule A identifies numerous of the filings in this case. (*Id.*, Schedule A, at Doc. Nos. 257-77)

6. **Dexia's Motion for Summary Judgment regarding the Peter G. Rogan Irrevocable Trust.** On March 12, 2009, this honorable Court granted Dexia's motion for summary judgment with respect to the interests of the Rogan Children in the PGR Bahamas Trust. *See Dexia Credit Local v. Rogan*, 2009 WL 648634, at *5 (N.D. Ill. 2009).

7. On March 18, 2009, this Court issued an order setting April 1, 2009 as the deadline by which any parties (other than Intervenors and Judith Rogan) with claims to the PGR Trust must respond to Dexia's summary judgment motion with respect to that trust.

8. Peter Rogan is the only beneficiary of the PGR Bahamas Trust – other than his wife and children. Peter Rogan knew and had reason to know that this Court gave him the opportunity to respond to Dexia's summary judgment motion. In specific, Dexia served: (a) a copy of this Court's March 18th order upon Rogan via Federal Express (which was returned) and U.S. Mail (Declaration of Elsa Doi attached hereto as Ex. G) and upon Rogan's Canadian counsel by email (Ex. H); and (b) Dexia served a copy of its motion for entry of a final judgment related the RPP Trust upon Rogan by U.S. mail (Dckt. No. 978), which motion references this Court's March 18th order and Dexia's service of that order upon Rogan.

9. Peter Rogan did not file a response to Dexia's summary judgment motion by the Court-ordered deadline nor has he filed a response or any other pleading since that time.

10. Accordingly, Dexia requests that this Court enter a final judgment with respect to the interests of Peter Rogan and the Rogan Children in the PGR Trust.

WHEREFORE, Dexia respectfully requests that this Court grant Dexia's motion and enter an order entering a final judgment with respect to the interests of Peter G. Rogan and the Rogan Children in the Peter G. Rogan Irrevocable Trust.

Respectfully submitted,

Dated: July 10, 2009	PLAINTIFF DEXIA CRÉDIT LOCAL


By: /s/ Gabriel Aizenberg
    One of its Attorneys

       HOWREY LLP
       Scott Mendeloff
       Gabriel Aizenberg
       321 N. Clark Street, Suite 3400
       Chicago, Illinois 60654
       (312) 846-5650

# CERTIFICATE OF SERVICE

I, Gabriel Aizenberg, an attorney, hereby certify that on July 10, 2009, I caused a true and correct copy of **Motion for Entry of Final Judgment with Respect to the Interests of Peter G. Rogan and The Rogan Children in the Peter G. Rogan Irrevocable Trust** to be served electronically via this Court's ECF system and by U.S. mail on:

Peter G. Rogan
Suite 603, 1155 Mainland Street
Vancouver, B.C. Canada V6B 5P2

                                                              /s/ Gabriel Aizenberg
                                                              Gabriel Aizenberg