# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DEXIA CRÉDIT LOCAL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 02 C 8288 |
| PETER G. ROGAN, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Intervenors Robert, Sara, and Brian Rogan have moved to stay enforcement of the Court's July 7, 2009 judgment pending their appeal to the United States Court of Appeals for the Seventh Circuit. For the reasons stated below, the Court denies intervenors' motion.

## Discussion

A party seeking a stay pending appeal "must show that it has a significant probability of success on the merits; that it will face irreparable harm absent a stay; and that a stay will not injure the opposing party and will be in the public interest." *Hinrichs v. Bouma*, 440 F.3d 393, 396 (7th Cir. 2006). If the party seeking a stay fails to make the necessary showing on either of the first two factors, then the Court may deny a stay without consideration of the balance of harms. *In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1300-01 (7th Cir. 1997).

In their motion seeking a stay, intervenors barely touched on the issue of

likelihood of success.  Here is what they said:

    - Intervenors stated, in summary fashion, that the issue of subject matter jurisdiction "remains for ultimate resolution by the . . . Court of Appeals . . .," and "judicial economy dictates that the Seventh Circuit should evaluate and rule upon the jurisdictional questions presented . . . prior to dissipation of Intervenors' assets."  Motion ¶ 3.  "Judicial economy," however, is not the question.  Intervenors have not shown that they have a significant probability of success on the merits on the jurisdictional issue.

    - Intervenors relied on an issue they have not pressed in this Court, specifically, the contention that the order being appealed was deficient because it did not "denote what specific assets were held by the various trusts."  Motion ¶ 4.  They did not attempt to explain in their to stay motion how this contention, not argued in this Court, gives them a significant probability of success on appeal.

    - Intervenors stated that the Court terminated their interests in certain trusts and that this "remains an issue for ultimate resolution by the Seventh Circuit."  Motion ¶ 5.  That is simply a statement of a potential issue, not a showing or even an attempt to show a significant likelihood of success.

In addition, intervenors' motion did not say anything about irreparable harm, other than the passing reference, noted above, to "dissipation of [their] assets."  Motion ¶ 3.  They did not discuss whether continued collection efforts by plaintiff would amount to "irreparable" harm.

Plaintiff's response to the motion, unsurprisingly, pointed out these deficiencies in intervenors' showing.  Intervenors then attempted, in their reply brief, to shore things up.  That is not the way litigation works, or at least not the way it is supposed to work.

A "district court is entitled to find that an argument raised for the first time in a reply brief is forfeited." *Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009). Intervenors forfeited any argument about irreparable harm by failing to address the point in their motion. And even were the argument not forfeited, it is lacking in merit. As plaintiff noted in its response, there is no basis to believe that plaintiff – which has a multibillion dollar market capitalization – would be unable to make intervenors whole were this Court's judgment reversed in whole or in part on appeal. It is noteworthy that intervenors did not make any argument to the contrary in their reply.

Intervenors likewise forfeited their claim of significant likelihood of success by making such a sketchy and undeveloped argument in their motion. "'[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived . . . .'" *White Eagle Co-op. Ass'n v. Conner*, 553 F.3d 467, 476 n.4 (7th Cir. 2009) (quoting *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991)).

Because intervenors' motion was deficient on these grounds, the Court need not address plaintiff's remaining arguments against a stay or intervenors' contention that they should not be required to post a bond as a condition of a stay.

## Conclusion

For the reasons stated above, the Court denies intervenors' motion to stay enforcement of the judgment pending appeal [docket no. 1165].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: October 19, 2009