# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

IN RE: )
)
JUDITH K. ROGAN, ) CASE NO. 08-23221 JPK
) Chapter 13
Debtor. )

## AMENDED ORDER CONCERNING DEXIA CREDIT LOCAL'S SECOND MOTION TO MODIFY THE AUTOMATIC STAY

The following Amended Order is entered in response to the Motion for Clarification of the March 11, 2010 Order Concerning Dexia Credit Local's Second Motion to Modify the Automatic Stay (filed on March 23, 2010 as record entry #282).

IT IS ORDERED ADJUDGED AND DECREED as follows:

1. Relief from the automatic stay of 11 U.S.C. § 362(a) is granted to Dexia Credit Local ("Dexia") to undertake action necessary in case number 02-C-8288 in the United States District Court for the Northern District of Illinois to determine whether the following assets are property of the estate under 11 U.S.C. § 541 or whether Judith K. Rogan ("Rogan") has any equitable or beneficial interest in those assets and, if so, the extent of any such equitable or beneficial interest in the following assets (hereinafter, "the Unstayed Assets"):

   a. The Peter G. Rogan Irrevocable Trust;
   b. Bank accounts at HSBC in Vancouver, British Columbia, Canada;
   c. The proceeds from the sale of 476 Wexford in Valparaiso, Indiana;
   d. 55 East Erie in Chicago, Illinois; and
   e. The John Rogan Note.

subject to the following conditions:

2. Rogan's Chapter 13 bankruptcy estate, by and through the Chapter 13 Trustee, shall be allowed an opportunity to intervene in the litigation which Dexia seeks to pursue through its Second Motion as a necessary party pursuant to Fed.R.Civ.P. 24(a)(2). In this context, this Court does not deem Rogan – independently – to adequately represent the interests of the Chapter 13 bankruptcy estate in that litigation, and a finding to the contrary by the United States

District Court in Illinois will cause the stay to remain in effect.

3. The Chapter 13 Trustee shall have the opportunity to file with this Court, within 30 days of the date of this Amended Judgment, a motion to retain special counsel to represent Rogan's Chapter 13 bankruptcy estate in the Northern District of Illinois litigation related to the Unstayed Assets. If the Chapter Trustee opts to file a motion, the motion shall identify which of the above-referenced Unstayed Assets the Chapter 13 Trustee will seek to pursue in the Northern District of Illinois. The failure of the Chapter 13 Trustee to file with this Court a motion to retain special counsel within 30 days shall constitute a waiver with prejudice by the Chapter 13 Trustee of any claim or interest in the Unstayed Assets. If the Chapter 13 Trustee timely files a motion to retain special counsel but fails to identify one or more of the Unstayed Assets in the motion, the Chapter 13 Trustee shall be deemed to have waived with prejudice any claim or interest in the Unstayed Asset(s) not identified.

4. Within 30 days of the date of any order of this Court granting a motion to retain special counsel, the Chapter 13 Trustee shall file a motion to intervene in the proceedings pending in the Northern District of Illinois. This motion shall identify which of the above-referenced Unstayed Assets the Chapter 13 Trustee will seek to pursue in the Northern District of Illinois. If the Chapter 13 Trustee fails to file a motion to intervene within 30 days, this shall constitute a waiver with prejudice by the Chapter 13 Trustee of any claim or interest in the Unstayed Assets. If the Chapter 13 Trustee timely files a motion to intervene, but fails to identify one or more Unstayed Assets in its motion, this shall constitute a waiver with prejudice by the Chapter 13 Trustee of any claim or interest in the Unstayed Asset(s) not identified.

5. By motion to and order of this court, the Chapter 13 Trustee may authorize and empower Rogan to pursue the interests of the Chapter 13 estate in the pending litigation on behalf of the estate, and to exercise the Trustee's avoidance powers in in the Northern District of Illinois litigation related to the Unstayed Assets.

032739    22407032771014

6. As an intervenor, the Trustee will be allowed to assert any claim or action which could be asserted against Dexia as a creditor or party-in-interest in Rogan's Chapter 13 bankruptcy case, including the assertion of any avoidance power authorized by the Bankruptcy Code against the interests asserted by Dexia in the pending litigation. Likewise, Dexia will be allowed to pursue the Unstayed Assets and the proceeds or transfers thereof based upon any claim, action, or theory that Dexia believes entitles Dexia to execute upon or otherwise obtain those assets, including any claim, action, or theory that Dexia could assert against Debtor, the Chapter 13 Trustee, or the bankruptcy estate in this bankruptcy.

7. Neither Dexia nor the United States nor any other party in, or any party related to any party in, this Chapter 13 proceeding will oppose the intervention designated above or the filing of any claim or action on behalf of the Chapter 13 bankruptcy estate/Chapter 13 Trustee referred to in Condition 6. However, neither Dexia nor the United States nor any other party shall be barred from challenging or otherwise opposing the substance of any claim or action filed under Condition No. 6.

8. To the extent that Rogan or the Chapter 13 bankruptcy estate is determined in the pending litigation in the Northern District of Illinois to have any equitable or beneficial interest in any Unstayed Asset, no further action will be taken by Dexia or by any other party with respect to any such equitable or beneficial interest of Rogan or the bankruptcy estate so determined without first seeking relief from the automatic stay from this court to do so.

9. Dexia and Edgewater Medical Center ("EMC") will amend their claims filed in Rogan's Chapter 13 case to assert only that Rogan is a fraudulent transferee or constructive trustee. If it is determined in the pending litigation in the Northern District of Illinois that Rogan is a fraudulent transferee or constructive trustee, Dexia and EMC will be able to assert unsecured general claims for the value of the transfers, so determined and fully liquidated in case number 02-C-8288, in Rogan's Chapter 13 case. If Rogan, directly or indirectly, holds assets that Rogan

-3-

did not accurately or completely disclose in her bankruptcy schedules or that Rogan otherwise has concealed or failed to disclose, Dexia and EMC will be permitted to file a motion for relief from the stay under 11 U.S.C. § 362(a) in Rogan's Chapter 13 case to assert claims against those undisclosed or concealed assets.

10. While Rogan's Chapter 13 case number 08-23221 remains pending, the United States Bankruptcy Court for the Northern District of Indiana will have exclusive jurisdiction over the "Stayed Assets", and Dexia will take whatever actions are necessary to release the "Stayed Assets" from any jurisdiction sought to be exercised over those assets by the United States District Court for the Northern District of Illinois, including the Preliminary Injunction Order With Asset Freeze and Other Equitable Relief Directed to Judith K. Rogan.

11. Dexia and Edgewater Medical Center will withdraw the Joint Motion(s) to Intervene filed in adversary proceeding numbers 08-2140 and 08-2141, with prejudice.

12. This order does not and is not intended to address or impact in any way: (a) the settlement agreement between Dexia and EMC and the United States before Judge Black in *In re: Edgewater Medical Center*; and (b) any claim Dexia or EMC might make against the United States in *In re Edgewater Medical Center* in relation to any funds the United States might receive as a claimant in this bankruptcy.

13. The stay provided by Fed.R.Bankr.P. 4001(a)(3) shall not apply to this order.

14. This order shall constitute the judgment of the court pursuant to Fed.R.Bankr.P. 9021/Fed.R.Civ.P. 58(a)(4).

SO ORDERED.

Dated at Hammond, Indiana on May 3, 2010.

/s/ J. Philip Klingeberger
J. Philip Klingeberger, Judge
United States Bankruptcy Court

Distribution:
Debtor, Attorney for Debtor, Trustee, US Trustee
Attorneys for Creditors

-4-

032739    22407032771023